Judge Marshall
delivered the Opinion of the Court.
This was an action of debt brought by Sanford against Cook and Hart, as late merchants trading under the firm of N. B. Cook & Co. upon a note which reads as follows: “ $140. One day after date, we promise to pay James “ Sanford, or order, one hundred and forty dollars, value “ received. Witness our hands and seals, this 3d day of “ J anuary, 1818. V. M’Knight, for
“ Teste, Wm. F. Markham. JV*. B. Cook Co. ”
The declaration avers, that the defendants, by V. M’Knight, their agent and attorney in fact, thereto lawfully authorized, made, executed and delivered the note to the plaintiff, &c.; and a demurrer to the declaration, in which oyer was craved of the note, having been overruled, and judgment thereon rendered for the plaintiff, the defendants have appealed to this Court.
The question is, whether the note can, by any reasonable interpretation, either with or without the averments in the declaration, be taken as the note of the defendants; that is, of N. B. Cook & Co.
If this case were exactly similar to that of Offutt vs. Ayres, 7 Mon. 356, we should not depart from a decision directly applicable to the present question. But, in that case, the promise, as expressed in the body of the note, purports to be made by a single individual, the pronoun ‘I’ being the nominative of the verb ‘promise’ — and there is no grammatical inconsistency in supposing it to be the agent who promised.
In this case, the words ‘we promise’ and ‘our hands and seals’ show, that the promise was intended to be made, and the note to be executed by a plurality of individuals; *238 and there would be an inconsistency in referring ‘we’1 and ‘our hands’ &c. to V. M’Knight.
It is an ancient and wise rule of construction, that bad grammar does not vitiate, where the intention is sufficiently manifest without resorting to a critical application of the rules of ‘concord and government’ established by the best usage; and in this case, at least, where there is a violation of grammatical accuracy, if either construction be adopted, we feel at liberty to give to the note that interpretation which it was obviously intended to have, and which we have no doubt,, is according to its effect as understood by the parties when it was executed. If any thing were wanting to prove this, it is supplied by the averments of the .declaration which are admitted by the demurrer.
We conclude therefore, that the note, although informally executed by the agent, may be considered as the note of his principals, for whom he signed it; and that the demurrer was properly overruled,
Wherefore the judgment is affirmed..