HARKINS *v.* EDWARDS & TURNER.

A demurrer, so far as it is an admission at all, is so of that only which is well pleaded; and one of its offices is, to inquire whether the matter is well pleaded, or *can* be pleaded.

A principal cannot be made liable on a written instrument, or by mere force

Harkins v. Edwards & Turner.

of a written agreement, where his name does not appear in the instrument, as a party to the contract.

The same rule must apply, when a party wishes to get rid of the principal, and render the agent personally liable.

Parol evidence explaining and showing the real nature of the transaction, is inadmissible, for the purpose of showing the *intention* of the parties, or of determining the liability of the party sought to be charged.

But the authority of the agent may be denied, and he thereby rendered personally liable.

If the name of the principal, and the relation of agency, be stated in the writing, and the agent is authorized, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally.

The question of liability does not turn, generally, upon the *form* of the signature, but upon the fact whether the relation of principal and agent is fairly disclosed upon the face of the paper.

Where suit was brought upon an instrument which read as follows: "We, the undersigned, agree to pay to the steamboat Badger State, or whatever person or persons shall show themselves legally entitled to receive the same, whatever may be found due, as general expense or average, on a certain lot of damaged goods, which was recovered from said boat, said goods being the same or certain lot that was on board the said Badger State when she sunk in the Des Moines River, near Ottumwa, on the 17th day of May, 1853, and were shipped by and insured on open policies of Messrs. Cleghorn, Harrison & Co., and John W. Ross, on account of Z. & J. Hackett, of Indianola, Iowa, and now marked Z. & J. Hackett, Dudley, Iowa," which instrument was signed "Edwards & Turner, Agents Franklin Marine and Fire Insurance Company, New York," and on which suit was brought against the Insurance Company, and Edwards & Turner; *Held*, 1. That Edwards & Turner could not be charged on the face of the contract, and were not personally liable; 2. That for the purpose of rendering Edwards & Turner liable on the contract, the plaintiff could not show, by parol testimony, the facts stated in his petition.

## *Appeal from the Lee District Court.*

This suit was brought by Harkins, as master of the steamboat Badger State, against the Franklin Fire Insurance Company, and Edwards & Turner, claiming of them the sum of $195.48, for cause of which claim, the petition alleged as follows: "That about the 11th of May, 1853, the plaintiff received on board said boat, to carry to various points on the Des Moines River, from Keokuk, in Iowa, certain goods of different persons, which were insured by said defendants; that on said voyage, said boat was, by acci-

dent, sunk in said river, whereby it became the duty of the plaintiff to save all of said goods, together with others, that was practicable, which he did, and the amount of expense for which a part of said goods, so insured, were liable, was three hundred and fifty dollars and forty-eight cents, of which amount the pretended agents of defendants, Edwards & Turner, paid one hundred and fifty-five dollars for said company, and agreed on behalf of said company, if plaintiff would deliver said goods released from said claim, that they would pay whatever balance might be found due on said claim, which said plaintiff did, and the amount subsequently found due said plaintiff thereon, was the amount above claimed, which is still due."

To this petition a demurrer was filed by Edwards & Turner, and thereupon the plaintiff filed an amended petition, which read as follows: "Petitioner by way of amendment to his original petition, with the leave of the court, says, that among the goods on board of the Badger State, at the time of the injury mentioned in the original petition, was a large lot of goods belonging to Z. & J. Hackett; that the defendant, Edwards, represented to plaintiff, that he and his partner, Turner, were the agents of the Franklin Marine and Fire Insurance Company of New York, and that said goods of Z. & J. Hackett were insured by said company on open policies of Cleghorn, Harrison & Co. and John W. Ross, on account of said Z. & J. Hackett; that said Edwards desired plaintiff to deliver said goods to him, and take the insurance company for the lien he had for average and expenses; that plaintiff refused to do so, whereupon Edwards, with one Hawley, of Ottumwa, gave plaintiff an obligation to pay whatever sum might be found due as general average for said goods; that said Edwards afterwards, at Keokuk, requested this defendant to give up Hawley's bond, and take a similar one from Edwards & Turner and William H. Farner, who is made defendant, to which he assented, and thereupon they executed the instrument herewith filed, marked (A). Your petitioner further states, that there was found to be due to him, as master of the Badger State, the sum of two

Harkins v. Edwards & Turner. .

hundred dollars, as general average and expense on said goods of Z. & J. Hackett, and that neither said Edwards & Turner, nor any one else, have ever paid the same. Wherefore he claims judgment against them for that amount, with interest and costs. Petitioner further states, that said defendants, by means of said representations, and by giving said obligations, obtained possession of said goods and sold them for a large sum, to wit: one thousand dollars."

Attached to this amended petition, was a copy of the following instrument: "We, the undersigned, agree to pay to the steamboat Badger State, or whatever person or persons shall show themselves legally entitled to receive the same, whatever may be found due as general expense or average, on a certain lot of damaged goods, which was recovered from said boat—said goods being the same, or certain lot, that were on board the Badger State, when she sunk in the Des Moines River, near Ottumwa, on the 17th day of May, 1853, and were shipped by the insured, on open policies of Messrs. Cleghorn, Harrison & Co., and John W. Ross, on account of Z. & J. Hackett, of Indianola, Iowa, and now marked Z. & J. Hackett, Dudley, Iowa, Keokuk, Iowa, Aug. 23d, 1853;" which said instrument was signed as follows: "Edwards & Turner, Agents of Franklin Marine & Fire Insurance Company, New York, Wm. H. Farner."

To this amended petition, Edwards & Turner also demurred, alleging the following grounds of demurrer:

1. The said petition on its face, shows no cause of action against said defendants.

2. The bond filed with, and made a part of said petition, shows upon its face that it was executed by said Edwards & Turner, as agents of and for the Franklin Fire and Marine Ins. Company of New York, and not by or for said defendants in their individual capacity; and that said defendants are not liable in law on said bond and amended petition.

This demurrer, after argument, was overruled, and from this decision Edwards & Turner appeal, and assign the same for error in this court.

*Edwards & Turner*, appellants, *pro se*.

*Samuel F. Miller*, for the appellee.

WOODWARD, J.—The sole question is, whether Edwards & Turner are personally liable on this undertaking? It will be observed, that the first petition recognizes the agency of E. & T.; or, at least, recognizes their *claim* to be agents of the Franklin Marine and Fire Insurance Co. of New York. The amended petition probably recognizes the same fact; but it alleges that plaintiff *refused* to take the insurance company for his lien, when Edwards requested him to do so, and deliver up the goods. Whereupon Edwards and Hawley gave him an *obligation* to pay his charges on delivering up the goods; and *that* Edwards afterwards requested him to give up that obligation, and take a "similar" one from E. & T. and W. H. Farner, which he assented to, and they accordingly executed the obligation attached to the amended petition. The defendants, E. & T., demur, and claim that they are not liable. A demurrer, so far as it is an admission at all, is so of that only which is well pleaded. And one of the offices of the demurrer is, to inquire whether the matter is well pleaded, or *can* be pleaded. One of the objects of this demurrer is, to see if the plaintiff can aver these facts against the face of the contract; in other words, it raises the question, whether the plaintiff could be permitted to prove these facts. If the plaintiff can show that a contract, appearing to be executed by one as agent, was not intended to be so executed, but was intended as a personal undertaking; then he can show that one purporting to be executed by one personally, was, in fact, done by him as agent, and so charge the principal. But the rule is, "that in suing on a written instrument, such as a promissory note, the whole liability must be made out on the instrument itself, and that parol evidence is not admissible to alter, or add to, a written agreement which is made the ground of the action; and therefore, a principal cannot be made liable on a written instrument, or by mere force of a

written agreement, when his name does not appear in the instrument or agreement, as a party to the contract." The same rule must apply, when a party wishes to get rid of the principal, and render the agent personally liable. See 1 Am. Lead. Cases, 602, note, citing *Pentz* v. *Stanton*, 10 Wend. 271; *Stackpole* v. *Arnold*, 11 Mass. 27; *Mayhew* v. *Prince*, 12 Mass. 54; *Austin* v. *Sawyer*, 9 Conn. 39; *Thurston* v. *Mauro*, 1 G. Greene, 231; *Kellogg et al.* v. *Richard et al.*, 14 Wend. 116; 1 Pet. Cond. Rep. 197, note, and 345, note. These cases hold, that parol evidence, explaining and showing the real nature of the transaction, is inadmissible.

It is to be understood that the agent's *authority* may be denied; and he, therefore, rendered liable. See Am. Lead. Cases, 606, note, for the rule in some cases, in which similar evidence may be received; but not, indeed, says the note, " to *show the intention* of the parties to the contract." Among the cases, we find no one where the contract is signed with words expressive of an agency. On the contrary, they are placed upon the very ground that the agent signs his name, *without* words showing an agency. If the plaintiff, then, could not be permitted to prove the facts alleged in his petition, his averment of them is nugatory, and the question of the defendant's liability rests upon the face of the instrument only. Upon this question, were it a new one, the court would not, probably, be unanimous. And it is certain that the facts alleged in this petition, if shown to be true, would not incline the mind to exonerate the defendants, E. & T., if it were possible to hold them.

The case of *Baker et al.* v. *Chamblis*, was determined in this court at the June term, 1854. The instrument sued on in that case, ran in these terms: " We, the undersigned, directors of school district No. 4, &c., promise to pay," &c., and was signed by the *individual* names, without any addition. The court decided that the signers are not personally liable. The court say, " the rule is well settled, that if the name of the principal, and the relation of agency, be stated in the writing, and the agent is authorized, the principal alone is bound, unless the intention is clearly expressed to

bind the agent personally." A majority of the present court are of the opinion, that this decision is amply supported by the authorities, whilst those who differ on this point, yield to the above case. The instrument in the case at bar, comes clearly within the rule of that above. This subject is fully discussed in Am. Lead. Cases, 603, where numerous authorities and instances will be found. The question of liability does not turn, generally, upon the *form* of signature, but upon the fact whether the relation of principal and agent is fairly disclosed upon the face of the paper. See *N. E. Man. Ins. Co.* v. *De Wolf,* 8 Pick. 56 ; *Kirkpatrick* v. *Stainer,* 22 Wend. 244 ; *Evans* v. *Wells,* 22 Wend. 324 ; 2 Kent, 629 ; *Stackpole* v. *Arnold,* 11 Mass. 27 ; *Johnson* v. *Smith,* 21 Conn. 627. The defendants, Edwards & Turner, cannot be charged upon the *face* of this contract.

The judgment of the District Court must be reversed, and a procedendo will issue.