LYON *v.* ADAMSON *et al.*

Where a party contracts in an official capacity, which is disclosed in the contract itself, he is not personally liable on the contract, although he has failed to affix to his signature, his official title.

Action on a promissory note, as follows: "On the second day of June next, we, the board of school district No. one, Newton township, promise to pay to the order of S. L., the sum of $238,22 for value received," which was signed by three persons, without any official designation. The answer of the defendants alleged that they were duly elected directors of the district; that at a meeting of the voters of the same, they voted to build a school house, and authorized the defendants, as such board, to contract for the building thereof, and to provide in all things in relation to it; that a tax was voted, sufficient to pay a part of the cost, and they, as such directors, were to issue the promissory note of the district, for the balance which might remain due and uncollected; that they executed the note as officers and agents of the district, and for the district, and not as their own; and that the plaintiff knew these facts, and took the note as the note of the district. Demurrer to the

answer, which was sustained. *Held,* 1. That the defendants were not personally liable on the note ; 2. That the court erred in sustaining the demurrer.

*Appeal from the Jasper District Court.*

MONDAY, APRIL 4.

The defendants executed a promissory note of the following purport : On the second day of June next, we, the Board of School District No. One, Newton township, promise to pay to the order of Samuel Lyon, the sum of two hundred and thirty-eight dollars and twenty-two cents, for value received ; which was signed by the names only of the three defendants, without any addition or other description.

The defendants filed a special answer, setting forth that they were duly elected directors of the district; that at a meeting of the voters of the same, they voted to build a school house, and authorized the defendants, as such board, to contract for the building, and to provide in all things in relation to it; that a tax was voted, sufficient to pay a part of the cost, and they, as such directors, were authorized to issue the promissory note of the district, for the balance which might remain due and uncollected ; that they gave the note as officers and agents of the district, and for the district, and not as their own ; and that the plaintiff knew this, and so understood it, and took the note as the note of the district.

The plaintiff demurred to the answer, assigning among the causes, that it alleges an understanding between the parties which is at variance with the express terms of the note. The demurrer was sustained, and pretty manifestly upon this ground ; and judgment was rendered in favor of the plaintiff. The defendants excepted, and appeal, and assign this decision, and the rendition of judgment, as error.

Lyon v. Adamson et al.

*Miller & Winslow*, and *W. H. Seevers*, for the appellants, cited Code, sec. 2401; *Hodgson* v. *Dester*, 1 Cranch, 345; *Gill* v. *Brown*, 12 Johns., 385; *Perry* v. *Hyde*, 10 Conn., 337; *Rathbone* v. *Budlong*, 15 Johns., 1; *Brown* v. *Wolsey*, 17 Ib., 45; *Walker* v. *Swartwout*, 12 Ib., 448; 25 Maine, 10; 6 Har. & J., 418; 1 Ib., 156; 4 Barb., 275; 16 Pick., 347; 22 Ib., 158; 1 Wheat., 326, Story on Agency, sec, 154; *Baker* v. *Chambliss*, 4 G. Greene, 428; 3 Iowa, 142.

No appearance for the appellee.

WOODWARD, J.—The question made is, whether the defendants are personally liable on the note. There is no argument before us on the part of the plaintiff, and from that of the defendants, we infer that the decision was rendered upon the broad question, and not upon any narrower or technical ground, such as that the official name of the board of directors is not fully expressed. The answer—the demurrer—the manner in which the decision of the court is expressed on the face of the demurrer—and the argument of defendants—all indicate that the decision of the court was upon the broad question, whether the terms of the note render the defendants personally responsible. And the court held that they did.

We are unable to perceive wherein this case differs from that of *Chambliss* v. *Baker*, 4 G. Greene, 428, which is recognized in *Harkins* v. *Edwards* & *Turner*, 1 Iowa, 426, and in *Winter* v. *Hite*, 3 Iowa, 142. The notes in the two cases may be said to be precisely alike, *mutatis mutandis*. And we can only suppose that the court was not aware of the former decisions in the cases referred to. It is deemed unnecessary to enter into a discussion of the subject again, and the judgment will be reversed and the cause remanded.

Judgment reversed.