## BUEHLER v. REED.

1. PLEADINGS: COPY OF ACCOUNT. In an action for a balance due upon a settlement of accounts, it is not necessary to append to the petition a copy of plaintiff's account.

2. SAME: DEMURRER. A demurrer to a petition which strikes alone at the sufficiency of the copy of account annexed thereto does not admit the truth of the other averments of the petition; and upon a failure by defendant to answer after such a demurrer, the plaintiff's right to recover should be established by evidence, as upon a default.

*Appeal from Dubuque City Court.*

FRIDAY, OCTOBER 12.

*Wilson, Utley & Doud* for appellant.

*Cooley, Blatchley & Adams* for appellee.

BALDWIN, J.—The plaintiff sued for a balance due upon a settlement of account. The defendant demurred for the reason that there was no copy of the account sued on annexed to the plaintiff's petition. The demurrer was overruled, and the defendant having failed to answer over, judgment was rendered in favor of plaintiff for the amount claimed, as upon demurrer, and without the introduction of

any evidence.   This action of the court is assigned as error.

When a pleading is founded upon a written instrument or account, a copy thereof must be annexed to such pleading or it will be a sufficient ground of demurrer.   Code, section 1750.   We do not understand the petitioner in this case as claiming money due upon account, but for a balance acknowledged to be due upon a settlement of accounts, between said parties.   It was not necessary, therefore, for the plaintiff to have annexed to his petition a copy of the account which was the basis of such settlement.   The demurrer was properly overruled.

But the court rendered judgment for the amount of plaintiff's claim without evidence, holding thereby that the defendant by the demurrer admitted the allegations in the petition to be true.   In this there was error.   The demurrer related to the sufficiency alone of the copy of the account annexed, and did not admit the correctness of the averments in plaintiff's petition.[1]   The defendant having failed to answer, the amount the plaintiff was entitled to recover should have been established by evidence, the same as though a judgment had been rendered by default.

Judgment reversed.

1. See *Harkins* v. *Edwards & Turner*, 1 Iowa 426; *Games* v. *Robb*, 8 Ib. 193.