## BLAKLEY V. BIRD.

1. PLEADINGS IN ATTACHMENT. After a petition setting out allegations and a prayer for judgment on an account, the plaintiff continued: "And for further cause of such claim the aforesaid plaintiff states under oath that, as affiant verily believes, the aforesaid defendant is in some manner about to dispose of his property with intent to defraud his creditors, and without leaving sufficient remaining for the payment of his debts. He, the affiant, therefore asks," &c. &c., to which was appended a jurat stating, "that the facts set forth in the above petition for the attachment, by my attorney, are true," &c. *Held,* That the petition for the attachment was defective in this, that it did not state that something was due, and as near as practicable the amount.

2. REDUCING VERDICT. Where the court reduced the amount of a verdict and entered judgment thereon; *Held,* That the judgment defendant was not prejudiced thereby and could not complain of the judgment.

*Appeal from Hardin District Court.*

MONDAY, JUNE 9.[1]

THE facts are stated in the opinion of the court.

*Eastman & Bro.* for the appellant.

*Huff & Thompson* for the appellee.

BALDWIN, C. J.—The plaintiff, by the usual petition, claimed judgment upon a note and account. After describing the note and account with sufficient accuracy, the petitioner asks judgment for the amount stated to be due with interest and costs. The petitioner then adds the following prayer: "And for further cause of such claim the aforesaid plaintiff states under oath, that as affiant verily believes, the aforesaid defendant is in some manner about to dispose of his property with intent to dafraud his creditors,

---

1. The opnion in this case was not delivered to the Reporter with the other opinions filed at this date, for whice reason it does not appear in its proper order.

and without leaving sufficient property remaining for the payment of his debts. He, the affiant, therefore asks that a writ of attachment may issue against the property, goods and chattels," &c., "of the aforesaid defendant as auxiliary process to secure said debt and costs of suit." The affidavit attached reads as follows: "I, David Blakley, the plaintiff in the above entitled cause, do solemnly swear upon my oath that the facts set forth in the above *petition for the attachment* by my attorney, are true in substance and fact as I verily believe, &c."

The defendant moved the court to dissolve the attachment issued upon the filing of the above petition, for the reason that the petition which asks for the attachment did not state that something was due, and as near as practicable, the amount." This motion was overruled.

Section 1847, of the Code, in chapter 109, provides that the remedy by attachment is to be deemed independent of the ordinary proceedings and only auxiliary thereto. The subsequent sections (1848, 1849,) declare what is required to be set forth in the petition for the attachment, and among the pre-requisites, the petitioner must state that something is due, and also the amount as near as practicable. The prayer of the plaintiff for the attachment, although filed with, and made a part of, the petition for a judgment, appears to have been intended by the pleadings as a separate petition. The plaintiff, in his declaration upon the note and account, alleges a certain amount to be due him, and recites the facts out of which such indebtedness arose. In the petition for the attachment as above copied, the pleader is particular to allege that the plaintiff *under oath* states certain facts, upon which he bases his right to the writ of attachment. In the jurat it is stated that the facts set forth *in the petition for an attachment are true*, &c., &c.

The law requires that the petitioner shall state under oath

the amount claimed to be due, to entitle the petitioner to the writ. Is it so stated in this petition? It is true in the commencement of his petition for a judgment he states that he claims so much as justly due. But when he comes to ask for a writ of attachment, and sets out the facts upon which he claims that an attachment should issue, the pleader is very particular to state that such facts are alleged under oath. It is fair to presume from the language used that it was intended by the petitioner that the prayer alone for an attachment was all that the plaintiff was willing to swear to. This view is corroborated by the peculiar wording of the jurat. The affiant confines himself therein to the prayer for the attachment alone. This portion of the petition fails to state the amount due, and thereby fails to comply with the requirements of the statute. The court should have sustained the motion to quash the attachment.

The defendant in his answer to the plaintiff's cause of action claimed by the way of set-off: *First*, damages sustained by reason of plaintiff's slandering the defendant's title to certain lands; *Second*, as money due upon an account stated. The demurrer of plaintiff to that portion of defendant's answer which claimed damages for injury to defendant's lands, was properly sustained. The defendant failed to state specifically the lands slandered, or show such state of facts as would justify a recovery.

The case was submitted to a jury, who returned a verdict in favor of plaintiff in the sum of $213. An application to set aside the verdict, made by the defendant, for certain causes which were addressed to the discretion of the court, was overruled; but the court made an order of record that the verdict of the jury be reduced to one hundred dollars, and that the offset of the defendant be cancelled, which was accordingly so entered of record. This ruling is assigned as error. This modification of the verdict, if erroneous, was not an error to the prejudice of appellant. A

much larger judgment could properly have been rendered by the court under the verdict of the jury.

Nor are we able to determine in what manner the rights of defendant were prejudiced by the cancellation of defendant's set off. The court after the verdict of the jury deducted the amount of defendant's set off not reached by the demurrer from the amount found due by the jury, and rendered the judgment for this balance. The defendant after having submitted the cross claim to the jury could not thereafter have maintained an action on the account thus submitted, and the cancelling the same by the court placed him in no worse condition.

The errors assigned in relation to the application of defendant for a continuance are not sufficient to justify a reversal of the judgment.

The action of the court in overruling the motion to quash the attachment is considered erroneous and is reversed. As to the principal cause the judgment is affirmed.