## SHERRILL v. FAY.

1. ATTACHMENT: ALLEGATION. Where a party asks an attachment upon the ground that the defendant "is about to dispose of or remove his property out of the State, without leaving sufficient remaining for the payment of his debts, it is not necessary to aver an intention to defraud creditors.

2. SAME: SIGNATURE OF COUNTY JUDGE. An order by a County Judge fixing the amount of property which may be attached in an action not founded upon contract is sufficiently attested by his signature without a certificate of his official character under the seal of his Court.

3. SAME: ALLEGATION OF DAMAGES. In an action for unliquidated damages, it is not necessary to allege in the petition for an attachment the amount due from the attachment defendant to the plaintiff.

4. SAME: AFFIDAVIT. Where the affidavit appended to a petition for an attachment averred "that the facts set forth therein asking a writ of attachment, are true," it was held equivalent to an averment that the allegations of the petition were true, and that it was sufficient.

*Appeal from Jones District Court.*

FRIDAY, DECEMBER 12.

THE petition in this cause was as follows: Your petitioner, David H. Sherrill, claims of the defendant, Horace A. Fay, the sum of two thousand six hundred and fifty-five dollars, as money justly due him from said defendant, and for cause of such claim states, that heretofore, to wit: On the night of the 16th day of November, A. D. 1860, the said defendant, at Madison Township, Jones County, Iowa, did willfully and maliciously destroy buildings and other property belonging to the plaintiff, of which a just and true account is shown in exhibit A, hereto attached and made a part hereof, which said property was of the value of eight hundred and eighty-five dollars.

Your petitioner therefore asks judgment against the said defendant for the sum of two thousand, six hundred and fifty-five dollars, with interest and costs of suit.

And your petitioner further states, that the said defendant is in some manner about to dispose of his property without leaving sufficient for the payment of said claim. He therefore asks that a writ of attachment may issue against the property of said defendant not exempt from execution, to aid him in securing the payment of said claim. CUTLER, HAMMOND & STACY,

*Plaintiff's Attorneys.*

Appended to this petition was the following jurat:

The State of Iowa, Jones County, *ss:* I, David H. Sherrill, being duly sworn upon oath, do say that I am the plaintiff in the above entitled suit; that I have read the foregoing petition, signed by me, and that the facts set forth therein asking a writ of attachment, are true, as I verily believe. D. H. SHERRILL.

On this petition the following order was indorsed: Let the attachment issue to the amount of one thousand dollars. H. H. HOLMES, *County Judge.*

The defendant moved the Court to quash the attachment for reasons stated in the opinion of the Court. This motion was overruled, and the defendant appeals.

*I. M. Preston & Son* for the appellant, relied upon *Lockard & Co.* v. *Eaton*, 3 G. Greene, 543; *Bowen et al.* v. *Gilkison et al.*, 7 Iowa, 503; *Pittman & Bro.* v. *Searcey*, 8 Id., 352.

*Cutler & Stacy* and *Hubbard & Stephens* for the appellee, contended that these cases were not applicable under § 3174 of the Rev. of 1860.

BALDWIN, C. J.—Attachment. Motion to quash being overruled, defendant appeals.

It is first objected that the cause stated was not sufficient to justify the issuance of the writ. This action was com-

menced since the taking effect of the Revision, and upon
the authority of *The Branch of the State Bank of Iowa* v.
*White*, 12 Iowa, 141. It is not necessary to show an inten-
tion to defraud creditors in the affidavit for the writ.

It is next objected that the original petition was never
presented to any Judge of the Supreme, District or County
Court, for an allowance thereon of the amount in value of
the property that should be attached, the demand of the
plaintiff not being founded upon a contract.

The record shows that the petition has been presented to
the County Judge of Jones County, and indorsement made
thereon, directing the officer to attach property to the
amount of one thousand dollars. It is objected that it is
not certified under the seal of the court that W. H. Holmes
was the County Judge of said County. This was not
required by the statute. It is not to the court that such
petitions must be presented, but to the Judge thereof, in
his individual capacity, and it is not necessary that his
signature as such judge should be certified to, under the
seal of his Court.

The next cause assigned in the motion to quash the
attachment is that the petition in said action is not properly
verified, that the plaintiff did not swear to the correctness
of his claim, or that the defendant was indebted to him,
but merely swears that the facts set forth therein asking a
writ of attachment are true as the plaintiff verily believes,
and that the officer, before whom the petition in said case is
verified, does not certify that the affidavit to the petition
was signed by the plaintiff in the officer's presence.

In the petition for the attachment the plaintiff does not
state the amount due, but merely alleges the cause for the
issuance of the writ. This is signed by the attorneys for
plaintiff.

Annexed thereto is the affidavit of the plaintiff which
reads as follows:

"State of Iowa, Jones County, ss: I, David H. Sherrill, being duly sworn, upon oath do say, that I am the plaintiff in the above entitled suit, that I have read the foregoing petition signed by me, and that the facts set forth therein, asking a writ of attachment, are true, as I verily believe."

It is claimed by appellant, in argument before this Court (although we think this point is not clearly made by the motion in the Court below), that the plaintiff in his petition for an attachment does not state the amount claimed to be due.

The petition and affidavit are precisely the same as in the case of *Blakely* v. *Bird*, 12 Iowa, 601, which were held to be insufficient, for the reason that the plaintiff did not state under oath in the petition for the attachment, the amount due.

That suit, however, was a suit upon a contract, and this is not. Section 3175, provides, that if the plaintiff's demand is founded on contract the petition must state, as nearly as practicable, the amount due. Where, however, the plaintiff's claim is not founded upon a contract (as in this case), and the damage is, therefore, unliquidated, the statute does not require the plaintiff to state the amount due.

The objection to this affidavit in the motion to quash is, that from the language used, the plaintiff does not swear to the truthfulness of the allegations in the petition. It is claimed that facts signify truths, and that the affiant when he swears that the facts set forth in the petition are true, he only verifies such portions as are true, without undertaking to say that all the matters and things therein stated are true.

This objection is not well founded. We are inclined to the opinion that the word facts, as here used, refers to the averments in the petition, and that the affiant intended to

.verify all the allegations therein the same as though he had stated that the matters and things therein set forth, were true.

Affirmed.