## WHEELOCK v. WINSLOW.

1. LIABILITY OF AGENT: PROMISSORY NOTE. When the agent of an incorporated company, who was duly authorized to bind the company by promissory notes, executed notes in transacting the business of his agency, running "three months after date, we promise," &c., and signed one of the same, "For the Dubuque Times Company, Ferd. S. Winslow, Treasurer," and others, "Ferd. S. Winslow, Treas. Dub. T. Co.," it was held that he was not personally liable thereon.

*Appeal from Dubuque City Court.*

TUESDAY, JANUARY 5.

PLAINTIFF declares upon two notes, the first reading as follows:

"$230.   ·                              *Dubuque, June* 22, 1858.

Three months after date we promise to pay to the order of S. W. Wheelock, two hundred and thirty dollars, at Dubuque, value received.

For the Dubuque Times Co.
FERD. S. WINSLOW,
Treasurer."

The other is for $171.50, of date August 4, 1858, due in three months, of the same tenor, and signed,

"FERD. S. WINSLOW,
Treas., Dub. T. Co."

The answer denies any indebtedness, admits the execution of the notes, but avers that they were made by the defendant as the agent, and on behalf of the Dubuque Times Company, a corporation duly organized and existing under the laws of this State; that defendant had full and complete authority to make the same, and to bind the company; that plaintiff knew that defendant, in making said notes, was acting as the agent, and on behalf of the company, and that it was the design and intention to bind the company, and not the defendant. He also avers that he received no consideration from said plaintiff, but on the contrary the entire consideration was received by the company; that the credit was given to the company; and that plaintiff did not trust the personal responsibility of defendant, all of which was well known to plaintiff at the time, &c.

A demurrer to this answer was sustained, the defendant elected to abide by his answer, and appeals.

*Samuels, Allison & Crane* for the appellant.

*Wilson, Utley & Doud* for the appellee, cited *Harkins* v. *Edwards & Turner*, 1 Iowa, 426; *Stackpole* v. *Arnold*, 11 Mass., 27; *Myers* v. *Sunderland*, 4 G. Greene, 567; *Warren* v. *Wheeler*, 8 Met., 97; *Evans* v. *Wells*, 22 Wend., 335; *Winter* v. *Hite et ux.*, 3 Iowa, 144; *Moss* v. *Livingston*, 4 Comst., 208; *Simonds* v. *Heard*, 23 Id., 120; Story Ag., § 147; *McClure* v. *Bennett*, 1 Blackf., 189; *Deming* v. *Bullitt*, 1 Id., 242; *Taft* v. *Brewster et al.*, 9 John., 334; *Barker* v. *The Mechanics' Insurance Company*, 3 Wend., 94; *White* v. *Skinner*, 13 John., 307.

WRIGHT, Ch. J.—The objection to the sufficiency of the affidavit attached to the answer, was not made in the court below, and cannot, therefore, avail appellee here. But if made there, the objection was untenable, under the rule recognized in *Sherrill* v. *Fay*, 14 Iowa, 292.

The real question in the case is, whether defendant is personally liable upon these notes? And following what we believe to be the analogies of the law, and antecedent cases, we hold that he is not, and that the demurrer to the answer should, therefore, have been overruled.

It will be observed that the pleading shows that there is a corporation, duly organized and existing, capable of contracting, and capable, also, of appointing an agent. This agent, it is shown, had authority to bind the company, and in this respect the case differs from that of *More* v. *Charles*, 5 Ellis & B., 978, which held, that as the acceptor Charles, from the nature of the bill, had no authority to bind the company, his undertaking was personal, for otherwise the instrument would be void, and this interpretation should not be allowed, where, by a reasonable construction, it could be held valid.

Again, we remark that this is not a case where the party signs, adding the word "agent," without disclosing who is the principal. Where the principal is not disclosed, the rule applies: "that no person can be considered a party to a bill or note unless his name appears on some part of it." Chitty on Bills, 22. And the case is, therefore, not analogous, in this respect, to that of *Pentz* v. *Stanton*, 10 Wend., 272. Nor are the cases of *Fenn* v. *Harrison*, 3 T. R., 750; *Siffkin* v. *Walker*, 2 Cambp., 308; or *Savage* v. *Rix*, 9 N. H., 263, any more in point.

Nor does this case fall within that class where the agent signs in his own name, alone, with nothing on the face of the note disclosing the agency. And, therefore, the rule recognized in *Stackpole* v. *Arnold*, 11 Mass., 27; *Bedford Insurance Company* v. *Covell*, 8 Met., 442; *Taber* v. *Cannon*, Id., 456, that though the agency was disclosed to the payee at the time of the contract, and though all the parties understood that the principal, and not the agent, should be held,

this would not be sufficient to render the principal liable on the note, is not applicable.

Nor do we place the decision upon the ground of a want of consideration moving to the agent, sustainable though such a defense may be, according to Mr. Parsons, (1 N. & B., 94), by the cases of *Roberts* v. *Austin*, 5 Whart., 313 ; *Krambhaer* v. *Ludeling*, 3 Mart., (La.,) 640 ; *Wolfe* v. *Jewett*, 10 La., 383 ; *Lincoln* v. *Smith*, 11 Id., 11.

Nor it is necessary to discuss the question of the liability of the principal when the agent signs his name, without indicating that it was by an agent.

This case differs from those based upon facts of the character above indicated, and falls within that class where the principal is disclosed, and where, having the authority, the agent purports to bind the principal, and not himself. Says Mr. Parsons (1 N. & B., 97) : "If an agent of an incorporated company make a note, beginning, 'I promise,' &c., and sign it 'A. B., agent of —— Company,' it is quite well settled that the company, not the agent, will be liable on the note." And the case is certainly equally strong where the language is, as in this instance, "We promise," &c. (See this subject discussed in *Bradlee* v. *Boston Glass Company*, 16 Pick., 347.) And while the note to *Rathbon* v. *Budlong*, and *Pentz* v. *Stanton*, (1 Amer. L. Cases, 604), intimates that this case, in this particular, is substantially overruled by that of *Rice* v. *Gove*, 22 Pick., 158, we do not see how such conclusion is fairly warranted.

This case is certainly not unlike that of *Rathbon* v. *Budlong*, 15 John., 1. There the consideration was shown to be received by the "Susquehanna Cotton and Woolen Manufacturing Company," and the note was signed, "Samuel Budlong, Agent." Here, the company is disclosed, and the signature is by the defendant as treasurer. In that case it was held that the agent was not personally liable.

The case, however, of *Harkins* v. *Edwards & Turner*, 1

Iowa, 426, it seems to us, settles most conclusively the whole controversy, for this State. There the contract was signed, "Edwards & Turner, Agents of Franklin Marine and Fire Insurance Company, New York," and the company, and not the agent, was held to be the contracting party. And this under the rule, "that if the name of the principal, and the relation of agency, be stated in the writing, and the agent is authorized, the principal alone is bound, unless the intention is clearly expressed to bind the agent personally." This case followed *Baker* v. *Chambles*, 4 G. Greene, 428, and has been subsequently recognized or followed in *Lyon* v. *Adamson*, 7 Iowa, 509; *Winter* v. *Hite*, 3 Id., 142; *Harvey* v. *Irvine et al*, 11 Id., 82.

The case of *Bayliss* v. *Pearson*, *ante*, differs from this in the important particular that there the contract did not purport to be executed by the principal or any officers for it, nor did it contain descriptive words showing the relation of agency, or even the name of the principal.

The case of *Moss* v. *Livingston*, 4 Comst., 208, much relied upon by appellees, is not unlike this, and while not placed upon that ground in the opinion as written, several of the judges, as shown by the note, drew the true distinction, and put the case upon the proper ground, to wit: that the defendant did not show himself authorized to bind the company by the acceptance in question. Of course, if there is a want of authority, all room for argument is gone. Every case which holds the principal liable, contains, as an essential element, the rightful exercise of authority by the agent. While many of the other cases, which hold the agent personally liable, are based upon the ground that the principal could not be bound. *Rew* v. *Petitt*, 1 A. & E., 196.

Upon this subject, see the following cases: *Hovey* v. *Magill*, 2 Conn., 680, (and the reasoning there used by SWIFT, Ch. J.) *Despatch Line* v. *Bellamy Manufacturing Company*, 12 N. H., 205; *Cook* v. *Sanford*, 3 Dana, 237;

*Early* v. *Wilkinson*, 9 Grat., 68; *Brockway* .v. *Allen*, 17 Wend., 40, and the numerous cases cited by counsel.

We have deemed it necessary to examine thus fully a question which seems to be well settled by the previous decisions of this Court, because of the very able manner in which it has been argued by counsel opposing this construction.

Reversed.