DAVISON & TRUE *et al.* v. THE DAVENPORT GAS - LIGHT AND COKE COMPANY.

1. **Contract:** PAROL EVIDENCE : PRINCIPAL AND AGENT. Where a contract purports to be executed by one in his own behalf, parol evidence is not admissible, in an action brought upon the instrument, to show that in fact he signed it as agent of another, for the purpose of charging the latter as principal. Following *Harkins* v. *Edwards & Turner* (1 Iowa, 462).

2. ——— ACTION UPON THE SPECIAL FACTS. But it seems that if the alleged principal in fact received the consideration, and the benefits of the contract inured to him, then, in equity at least, an action might be maintained against him upon the special facts of the case.

*Appeal from Scott District Court.*

MONDAY, MAY 11.

SUIT in equity upon four written contracts, and for an accounting thereunder. There was a demurrer to the petition, which was sustained by the District Court.

The plaintiffs appeal. The further necessary facts will be found stated in the opinion.

*Davison & True* for the appellants.

*Putnam & Rogers* for the appellee.

COLE, J. — This is an action in *equity*, asking for an accounting under, and recovery upon, four written contracts. The contracts are alike, except that they relate to different streets or different portions of the same street, and bear different dates. The plaintiffs claim as assignees of the rights of James Mackintosh. The following is the contract bearing the earliest date:

"This memorandum of agreement, made and entered into this 26th day of September, 1857, between Thomas G. Gaylord, of the city of Cincinnati, in the State of Ohio, of the first part, and James Mackintosh, of the city of Davenport, in the State of Iowa, of the second part, as follows: The said Gaylord covenants and agrees that on or before the 1st day of December, A. D. 1857, he will furnish and lay down gas pipes of the dimensions of three and four inches, on the street known as Harrison street, in the aforesaid city of Davenport, from the north side of Twelfth street southwardly to Fourth street, where the said pipe shall connect with the main pipes of the Davenport Gas-light and Coke company; and further, that when the inhabitants dwelling upon and along said Harrison street shall desire gas for their own use and consumption from the company aforesaid (to wit, the inhabitants upon said Harrison street within the limits aforesaid), then the said Gaylord will furnish and cause to be laid, without expense to the person or persons so desiring, gas pipes leading from the main pipe, so to be laid in said Harrison street over and against the lots and dwellings of the person or persons so desiring gas; and

the said Gaylord further agrees, that on or before the 1st day of December, 1857, he will furnish and cause to be set up and erected along said Harrison street, and within the limits aforesaid, twenty-one lamp posts and lamps; and it is understood mutually between the parties, that the said pipe, when so laid, and the said lamp posts and lamps, when so erected, shall be the property of the aforesaid Davenport Gas-light and Coke company.

"And in consideration of the premises aforesaid, the said Mackintosh agrees, that on the day of the completion of the laying of said street pipe along Harrison street, and of the erecting of said lamp posts and lamps, provided the same be completed on or before the 1st day of December, 1857, he will execute and deliver to the said Gaylord his promissory note (the amount whereof is to be repaid and refunded in part to said Mackintosh in manner hereinafter set forth), payable to the order of the said Gaylord, or such other person as Gaylord may direct, for the sum of $4,800, amply secured by deed of trust on real estate, bearing date of the day of the arrival of said pipe and lamp posts and lamps in the city of Davenport, and payable one year thereafter.

"And the said Gaylord, in consideration further of the execution and delivery of said note, and the money thereby advanced and to be paid to him, agrees to refund and repay the amount of $4,000 thereof to the said Mackintosh in manner following, that is to say, he agrees that twelve times in each year, to wit, monthly from and after December 1, 1857, and on the 10th day of each said month, he will pay or cause to be paid to the said Mackintosh, such and so great a sum of money as shall have been received by and become due to said gas-light and coke company, for gas consumed and used within the said limits where the aforesaid pipe is to be laid, and the said lamp posts and lamps erected (whether the same

be so used and consumed by individuals or in said street lamps), during the month next preceding the time of said payment; and the said monthly payments, equal as aforesaid to the sums received by and due to the said company for each month respectively, shall be paid to the said Mackintosh until the gross amount of the sums so paid shall amount to the said $4,000. In testimony whereof, we have hereto set our hands and seals this 26th day of September A. D. 1857.

"THOMAS G. GAYLORD,
"JAMES MACKINTOSH."

The plaintiffs aver, that the defendant is a corporation duly organized under the laws of Iowa, having its place of business in Davenport; that said defendant, being desirous of causing gas pipes laid, lamp posts erected and lamps thereon for its use and benefit, the said defendant procured one Thomas G. Gaylord, the agent of said company, to enter into said contract in his (said Gaylord's name) for the use and benefit of said company; each and every stipulation on the part of said Gaylord, contained in said contract, is then averred *seriatim* to be the stipulation and agreement of the said company which the said Gaylord then and there represented; each successive stipulation on the part of Mackintosh is then averred to have been entered into and agreed by said Mackintosh. Plaintiffs then aver, that the defendant was the real party in interest in said contract, and the same was made in the name of Gaylord only for convenience, he having no interest therein except as a stockholder in said company; that the said company, as the party to said contract, proceeded to carry out the terms thereof by causing the pipes to be laid, the lamp posts erected and lamps put thereon; and thereafter, and up to 1864, said company, pursuant to said contract, and as a

Davison & True v. The Davenport Gas-light and Coke Co.

party thereto, accounted for and paid over to Mackintosh, and to plaintiffs as his assigns, large sums of money — the monthly receipts for gas consumed on said street by private persons and in the public lamps.

It is then averred, that Mackintosh kept and performed each and every agreement on his part; that the defendant has not kept or performed its part of said contract; that it has not paid to Mackintosh, or to plaintiffs as his assigns, or other persons authorized to receive the same, the amount received and due for gas consumed on said street each month; that said defendant has received large amounts for gas consumed, but the precise amounts the plaintiffs have no means of ascertaining, and they have demanded of said company to account for and pay over the same according to said contract, which said company refused to do, although a large amount of said $4,000 is still due and unpaid.

The plaintiffs then aver, that said Mackintosh, being indebted to them in sums still due and unpaid, assigned said contract and all his interest therein to plaintiffs, by a writing thereon, a copy of which is set forth, whereby they are the owners of said contract and entitled to recover thereon. The plaintiffs ask for an accounting and for judgment, etc.

The three other contracts are also embraced in the petition, and the averments in relation to them are, in substance, the same as the foregoing, though upon some points considerably more extended. The averments cover forty pages of the transcript, and, with the exhibits, make sixty pages.

The defendant demurred to the petition, because, " First, it does not set forth facts sufficient to constitute a cause of action against the defendant. Second, that no averment, nor evidence extrinsic to said written contracts set forth in said petition between said Gaylord and

said Mackintosh, is admissible to show this defendant a party thereto, or to charge it thereon."

The District Court sustained the demurrer. The plaintiffs excepted thereto, and now assign such ruling as error.

This action is brought upon the instrument itself, rather than as upon the cause of action growing out of

1. CONTRACT: parol evidence: principal and agent. the facts, a part of which may be evidenced by it. The counsel have argued the cause and treated it in all its aspects as involving and resting upon the question, whether parol evidence may be received in an action upon the instrument to charge a party thereon whose name is not signed thereto as obligor. This precise question was ruled in *Harkins* v. *Edwards & Turner* (1 Iowa, 426), and although the court, as now constituted, might not be entirely agreed, were the question now presented for the first time, yet since it has been heretofore decided, we are content to obey the doctrine of *stare decisis*. This affirms the judgment of the District Court.

In view of the manner in which the result is reached, the court cannot forbear the suggestion, that if, in point

2. —— action upon the special facts. of fact, the defendant received the consideration advanced by Mackintosh, and the benefits of the contract inured to it, then an action might be maintained upon the special facts of the case, and, in equity at least, these plaintiffs who are assignees of the contract, might be regarded as entitled to all the rights of action growing out of it, which their assignor might have had. The right of a party to maintain a suit in equity against an unnamed principal, when the agent acted within the scope of his authority, seems upon principle, *ex æquo et bono*, to be well founded, and to have the support of authorities. See Story on Agency, § 162; *Clark's Executors* v. *Reinsdyk*, 9 Cranch.; *S. C.*, 1 Gallison, 630. A court of equity does not regard *form*

simply, but, seizing hold of the *substance*, administers justice to the parties according to the measure of their substantial, rather than their formal, rights under the contract by which they are in equity bound.

The judgment will be affirmed, but the cause will be remanded with leave to plaintiffs to amend their petition, if they shall be so advised.

Affirmed.