### WATSON ET AL. v. LOVELACE ET AL.

1. **Partnership : CONTRACT.** W. entered into a parol contract of copartner-
ship with defendants, but when the articles were prepared the son of
W. was, at his request, permitted to sign them, upon his assurance
that he was to remain the real party to the agreement; the name of
the son being used only to conceal his association with the firm from
public knowledge. The conditions of the parol contract were fully
performed, while the son's connection with the partnership was, in
fact, treated as a nullity: *Held*, that W. was held to liability as a
partner.

*Appeal from Benton District Court.*

WEDNESDAY, DECEMBER 4.

ACTION in chancery. The petition alleges that plaintiff
William P. Watson and the defendants, on the 1st of December,
1873, entered into a written contract of copartnership to prose-
cute the business of fishing and shipping, selling and dispos-
ing of fish, to be prosecuted at some point or points, to be
afterward selected, either in California, Oregon or Washington
Territory. The name and style chosen for the partnership was
The Columbia Salmon Company. The plaintiff was to con-
tribute two thousand dollars to the capital of the company,
the defendant Lovelace two thousand dollars, and the other
defendants, A. D. and C. C. Griffin, together, two thousand
dollars. It is shown that defendants Lovelace and A. D.
Griffin, as managers of the business of the company, pro-
ceeded to the Pacific coast to commence and establish the
enterprise, and that instead of carrying on the business as
they were required by law and the contract of the parties,
they entered into a contract of copartnership with one Nor-
cott for the prosecution of the same business contemplated
by the articles of copartnership entered into by the parties to
this suit, and did actually carry on the business under the new

copartnership, without the consent of plaintiff, all of which is a violation of the agreement between the parties.

Plaintiff alleges that he paid to the defendants two thousand dollars as his contribution to the capital of the company, which was never used by them in prosecution of business as contemplated by the articles of copartnership, but was used for the benefit of the new firm organized as above stated. It is also alleged that the enterprise has been abandoned, and there is no intention upon the part of the partners to prosecute the business contemplated in the contract between the parties. The relief asked is that the partnership be dissolved by proper decree, and plaintiff have judgment for two thousand dollars, with interest, the amount advanced by him as aforesaid.

The answer of defendants alleges that they and *Samuel H.* Watson entered into an agreement for the formation of a copartnership of the character stated in the petition, which, it was understood, should be reduced to writing by Samuel H.; that when the instrument was presented to them for their signatures it was discovered that the name of *William P.* Watson appeared therein instead of Samuel H. Thereupon defendants objected to entering into the agreement by signing the instrument, for the reason that they had made no contract with William P., the son, but with Samuel H., the father, and refused to sign the writing; that Samuel H. Watson thereupon assured the defendants that he was to be the real party in the contract; that the name of his son, William P., was used as a matter of convenience and favor to him, as he did not want to be known as a partner in the enterprise; that he agreed to be regarded as the partner, and that his son would stand in the firm as his representative, and that the defendants, relying upon the agreement and representations of the father, signed the contract.

The answer denies the allegations of the petition to the effect that defendants formed a copartnership with Norcott,

and avers that, for the company, they contracted with him to prosecute the business of fishing on a joint account, he being already established in the business, and owning property, real and personal, necessary for the profitable prosecution of the enterprise; that the company at first bought an interest in his property, and soon bought the whole of it, and closed the operations on joint account with him. It is shown that Samuel H. Watson advanced two thousand three hundred and seventy-five dollars more than his capital, to aid in carrying on the enterprise, under an agreement made at the time the copartnership was formed. A statement is made in the answer of the condition of the firm, showing its assets and indebtedness. It is further shown that Samuel H. Watson has instituted an action to recover the sum advanced by him in the Circuit Court of Benton county.

The relief asked in the answer, which is in the nature of a cross-bill, is that Samuel H. Watson be made a party to the suit; that the partnership be settled, and, in case the assets exceed the liabilities, the excess may be distributed to the respective partners; and that the suit pending in the Circuit Court, as above stated, may be stayed until the final determination of this cause.

Samuel H. Watson, being made a party, answered the cross-bill of defendants, denying all the allegations therein which conflict with the averments of the petition.

Upon the final hearing the court below found, and so decreed, that plaintiff William P. Watson had no interest in the partnership, and his petition was dismissed; that Samuel H. Watson was a copartner of defendants; that the defendants are entitled to have the copartnership settled; that the action in the Circuit Court be enjoined, and that a special master be appointed, to whom all matters pertaining to the further prosecution of the suit be referred, with power to take testimony, etc., and report to the court the evidence, the findings of facts, and a statement of partnership accounts.

The plaintiffs, Samuel H. and William P. Watson, appeal.

*Boies & Couch, J. D. Nichols* and *Nourse, Kauffman & Co.,* for appellants.

*Gilchrist & Haines, W. A. Tewksberry* and *Boal & Jackson,* for appellees.

BECK, J.—I. We think the evidence fails to show that defendants did any acts in violation of the terms of the contract which would have the effect to dissolve the copartnership or authorize plaintiffs to regard the contract as abandoned by defendants. The plaintiffs rely upon defendants' transaction with Norcott as a sufficient justification of the conclusion that they had abandoned the contract and formed a new copartnership. The evidence fails to support this portion of the allegations of plaintiffs' petition, but does fully support the allegations of defendants' answer. The transaction seems to have been this: Norcott had a fishing station, with necessary buildings and implements to prosecute the business. Defendants, for their firm, desired to purchase his whole property, but he would not sell. As the season for fishing was approaching defendants reached the conclusion that they could do no better than accept the offer made by Norcott to sell them an undivided interest in his establishment, and then to prosecute the business on joint account. The purchase was made for the firm, and soon thereafter the company bought out the remaining interest of Norcott, when they terminated all connection with him.

The plaintiffs also insist that defendants prosecuted other business, contrary to the terms of the articles of copartnership. All there is of this charge is that defendants bought supplies and sold them to men employed in their fisheries, and small quantities to others. We discover no foundation in these transactions to declare the copartnership abandoned, or the terms of the contract forfeited.

II. The District Court found the facts as alleged in

defendants' answer, touching the execution of the articles of co-partnership by William P. Watson, and the agreement of his father to become the partner. The finding, we think, is correct, and the evidence amply supports the allegation of the answer. We feel satisfied that the agreement was entered into by defendants on the ground that Samuel, and not William, was to be their partner. Of this understanding both Samuel and William had full knowledge, and to the contract in that form fully assented.

*1. PARTNER-SHIP: contract.*

Plaintiffs insist that evidence cannot be received to show that the real party in interest, and bound by the contract, is one other than the party signing it; that it cannot be shown by parol evidence that William P. is not the real party to the contract, and Samuel H. is. To support this position counsel rely upon *Davison & True v. The Davenport Gaslight & Coke Co.*, 24 Iowa, 419; *Harkins v. Edwards & Turner*, 1 Iowa, 426; and *Thurston and Webb v. Mauro*, 1 G. Greene, 231, and other authorities. We find it unnecessary to inquire into the correctness of this position, as we reach a conclusion that is not in conflict with it.

The cross-bill of defendants seeks relief based upon all the facts of the case, and not under or upon the written contract alone. These facts we find to be as follows: Defendants and Samuel H. Watson agreed to enter into a copartnership for the purposes and upon the terms and conditions set out in the written instrument. It was agreed that Samuel H. Watson should prepare articles of copartnership, which he did, but substituted the name of his son, William P., in place of his own, and presented the contract to the defendants with his son's name signed thereto, instead of his own. The defendants insisted that they had entered into the agreement with the father and not with the son, and declared that they would not execute the contract. The father explained that he did not desire to appear as a partner; that he in fact intended to be the real party in interest, furnishing the capital and sharing in the profits and losses, and that the son's name was

used for his own in order that the fact of his interest in the concern might not be known. He declared that his son should have no interest whatever in the business, and should exercise no control whatever over it. The son was present and heard all the conversation and agreements of the parties, and made no objections to the methods and plans of the parties. It was expressly understood by all present, when the articles of copartnership were signed, that the father, and not the son, was to be a partner in the firm. In pursuance of this agreement the father furnished the capital agreed upon by him, and actually, as a member of the firm, conducted its business, so far as he was called upon to do any thing by the other partners. The son never claimed to be or acted as a partner.

Now, there surely was an agreement of defendants and Samuel H. Watson to enter into a copartnership. In pursuance of the agreement they did finally consummate the contract. Its terms were fully agreed upon as set out in the written instrument signed by the son. They agreed, each with the other, to become partners. As to the terms of the contract there was assent by both parties thereto. In fact, there is no dispute between the parties in regard to the terms. They not only entered into the contract, but proceeded to execute it, and carried on the business for a considerable length of time.

If we are required to regard the written contract as having been executed by William P., and he became, with the defendants, bound thereby, it was never executed, for William P. never performed any obligation imposed by it, and during the prosecution of the business never claimed to be a partner under it. The case then presents this aspect: Defendants and Samuel H. entered into an oral contract of copartnership, which was fully executed by both. The terms of this contract are not in dispute. If they were disputed, and it was shown that they were embodied in the written instrument signed by William P., we know of no reason why that instrument would not be admissible in evidence to show the

terms of the contract. But, as these terms are not in question, this point need not be decided.

Defendants and William P. entered into a written agreement, which was never executed by either party thereto, and neither claimed, at any time, to act under it or to enforce it as creating a copartnership between them. The business was actually prosecuted by the copartnership formed under the oral agreement with Samuel H. Watson. The law will regard the written articles of copartnership executed by William P. as abandoned by the parties, and the oral contract between defendants and Samuel H. as binding upon all the parties to the transaction. These views and reasoning are entirely satisfactory, and lead to the most equitable results, which hold Samuel H. Watson liable as the partner of defendants. Our conclusion is in harmony with the principles of the law, and is in conflict with no authorities that have been brought to our attention.

The decree of the District Court is

AFFIRMED.