## JUNGE v. BOWMAN ET AL.

1. **Promissory Note:** MORTGAGE: PAROL TO CHANGE CAPACITY OF MAKER. The note and mortgage declared on were signed simply " J. B." *Held* that he could not be allowed to avoid liability by showing by parol, in an action on the note and mortgage, that he was acting for another, and that it was so understood at the time. (See opinion for authorities.)

2. ———: ———: PAYMENT OF INTEREST: PLEADING. The note and mortgage declared on showed interest overdue, unless the same had been paid. The mortgage provided that if interest was not paid when due the whole debt should be due. Plaintiff alleged that the debt had become due by a failure to pay interest. *Held* that an answer admitting the execution of the note and mortgage, and generally denying the other allegations of the petition, did not put in issue the allegation that he had failed to pay interest due, for the payment of interest, being a discharge of a contract, must be specially pleaded. (Code, 2718.)

*Appeal from Marshall District Court.*

SATURDAY, OCTOBER 15.

ACTION upon a promissory note and mortgage executed by the defendant John Bowman. There was a decree for the plaintiff, and the defendant Bowman appeals.

*J. M. Parker*, for appellant.

*Caswell & Meeker*, for appellee.

ADAMS, CH. J.—The defendant Bowman divided his answer into two divisions. In one he made certain admissions and denials, and on motion this part was stricken out. In the other division he pleaded that he executed the note and mortgage as the agent and trustee of his co-defendant, Christ Gerst, to secure a loan of money made to said Gerst, and that no part of the consideration of the note was received by him, Bowman. The plaintiff demurred to this division, and the demurrer was sustained.

I. We will consider first that division of the answer to

which a demurrer was sustained. The note and mortgage

**1. PROMISSORY note: mortgage: parol to change capacity of maker.** were signed simply "JOHN BOWMAN." In our opinion, he could not be allowed to avoid liability by showing by parol evidence that he was acting for another, and that it was so understood at the time. The note purported to bind John Bowman, and no one else.. Evidence to the effect that it was understood that he was not· bound would have been in plain contradiction of the note. We think that the court did not err in sustaining the demurrer. *Harkins v. Edwards;* 1 Iowa, 431; *Davison v. Gas Light Co.,* 24 Id., 419; *Bryant v. Brazil,* 52 Id., 350, and *Wing v. Glick,* 56 Id., 473.

II. After the demurrer was sustained, the plaintiff moved to strike out the first division of the answer, and the motion

**2. ——: ——: payment of interest: pleading.** was sustained. This division admitted the execution of the note and mortgage; but it contained, in addition, these words: " He denies each and every allegation not otherwise herein admitted." It is insisted that the court erred in sustaining the motion, because the answer contained denials, and that at least one of them was of a matter which it was essential that plaintiff should prove. The note was executed November 20, 1884, and was made payable in five years, and that time had not expired. It was provided, however, in the mortgage, that, in case of default in the payment of interest when due, the principal should become due. The plaintiff averred that such default had taken place. But the execution of the note and mortgage having been admitted, which showed interest over-due, unless the same had been paid, it was, we think, incumbent upon the defendant, if he relied upon the fact of payment, to aver and prove such facts. Where the discharge of a contract is relied upon as a defense, the discharge must be specially pleaded. (Code, § 2718.)

In our opinion the motion was properly sustained.

AFFIRMED.