OTTUMWA MILL & CONSTRUCTION CO., v. E. A. MANCHES-
TER, Appellant.

**Implied contracts:** BREACH: DAMAGES.  A pleading to the effect
1  that a tenant in sole possession and occupancy of leased prem-
ises, to whom was exhibited by both parties a contract be-
tween the landlord and a contractor providing for the making
of repairs to the property within a stipulated time, and who
consented to be disturbed in his possession on the understand-
ing that the repairs would be made within a specified time,
states a cause of action on an implied contract, and the tenant
may recover of the contractor his damages from a failure to
perform the work within the time.

**Contracts:** VARIANCE BY PAROL.  While ordinarily a contract made
· 2  for the benefit of a third person may be enforced, still where
a written contract creates liability to a certain person and no
one else, parol evidence is not admissible to show that such lia-
bility was to another.

*Appeal from Wapello District Court.*— HON. M. A. ROB-
ERTS, Judge.

TUESDAY, APRIL 7, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THE opinion states the case.  *Affirmed* in part, and *re-
versed* in part.

*J. C. Mitchell* and *F. M. Hunter,* for appellant.

*Smith & Lewis,* for appellee.

SHERWIN, J.— The plaintiff sued to recover his ac-
count against the defendant, and the defendant interposed
a counterclaim to which a demurrer was sustained, and, the

defendant refusing to plead further, his counterclaim was dismissed.

The only question before us for determination relates to the correctness of the ruling on the demurrer. A brief statement of the facts will assist in properly understanding the allegations of the counterclaim. The plaintiff was a construction company originally operating as L. T. Crisman Company, and the defendant was a tenant in possession of the Ballingall House, a hotel situated in the city of Ottumwa. In December, 1903, the plaintiff entered into a written contract with the executors of the last will of P. G. Ballingall, deceased, and C. A. Walsh, trustee, whereby they agreed to make certain improvements on the hotel property according to the plans and specifications of an architect who had been employed by said executors, which improvements were to be made while the defendant was still occupying the premises, and on or before April 13, 1904. The written contract provides as follows: " Should the contractor fail to finish the work at the time agreed upon, it shall pay to or allow the owners by way of liquidated damages the sum of $10 per day for each and every day thereafter the said work shall remain incomplete." The contract also provided that time for the completion of the work should be extended " only in case of general strike, alterations, fire or unusual action of elements." It also provided for such alterations in the plans, drawings, and specifications as might be agreed upon by the parties or deemed proper by the executors or architect. The work was not completed within the time specified, and the defendant's counterclaim was for damages on account thereof.

In the first count of his substituted counterclaim the defendant alleged that the plaintiff had entered into the written contract to which we have referred, and had thereby

1. IMPLIED
CONTRACTS:
breach:
damages.
agreed and bound itself " to make certain repairs and improvements in and on the hotel building known as the Ballingall House, in Ottumwa, Iowa."

A copy of said contract was attached to the counterclaim, and made a part thereof. In said count it is further alleged as follows: "It was stipulated in said contract that said L. T. Crisman Company should have said repairs and improvements to, in, and on said buildings, provided for in said contract, fully finished and completed on or before April 13, 1904." It was further alleged "that said contract was exhibited to defendant by both parties to it, and in consideration of its terms, and especially in consideration of the stipulation contained in it that said repairs and improvements provided for in it should be completed on or before April 13, 1904, defendant did consent that said L. T. Crisman Company enter in and upon said house and make said improvements, and at the time said L. T. Crisman Company entered in and upon said building to make said repairs and improvements it well knew it was in consideration of the stipulation in said contract that the same should be completed on or before April 13, 1904; . . . that the defendant permitted it to enter in and upon said building to make said repairs and improvements." The demurrer assailed the entire counterclaim on the ground, stated in different forms, that the defendant was not a party or privy to the contract in question; that the facts stated in the counerclaim show that the only party to the contract between plaintiff and the executors who has the right to enforce the same as against the plaintiff is the said executors; that the alleged interest of the defendant in the work to be done under the contract and as to the time in which it was to be done was not sufficient to enable him to maintain an action on his counterclaim. The demurrer further raised the point that the facts on which the counterclaim was based were contrary to and inconsistent with the express provisions of the contract. The appellant contends that count one of his substituted counterclaim pleads an independent contract between him and the plaintiff, to which no other person is a party or privy; that the written contract between the plain-

tiff and the owner of the property which was attached to and made a part of the counterclaim was only an inducement to or consideration for the implied contract sued on. It may fairly be said that count one, in substance, alleges that the written contract was exhibited to the defendant by both parties for the purposes of obtaining his consent to it, and that it was in consideration of its provisions as to the time within which the contemplated improvements were to be completed that he consented that the plaintiff might enter upon said property to make them; and, further, that the plaintiff understood that his consent was so obtained.

We are inclined to the view that count one sufficiently pleads an implied contract between the plaintiff and defendant for the completion of the work within the time specified in the written contract with the owners. A contract or promise to do a certain thing may, of course, be implied from circumstances or from the conduct of the party sought to be charged. Implied contracts are such as reason and justice dictate; and which, therefore, the law presumes that every person undertakes to perform. The defendant was in possession of the property to be improved, and, so far as the pleadings show, he was the only person who could be damaged by the plaintiff's failure to perform the contract for repairs within the time agreed. And if, as alleged, he was consulted about the matter and agreed that the plaintiff might enter only upon condition that it would perform the contract within a certain time, the law will imply a promise on the part of plaintiff to pay the damage arising from a failure so to do. It was error, therefore, to sustain the demurrer to count one.

Counts two and three of the counterclaim are expressly based on the written contract, and, so far as they are concerned, we think there can be no serious question as to the 2. CONTRACTS: variance by parol. correctness of the court's ruling on the demurrer. These counts declare that the contract was made for the benefit of the defendant, and for his

benefit alone. Such a construction, however, cannot be given to the contract without entirely overthrowing its express provisions. It provides that a penalty shall be paid to the executors and to no one else; and there is nothing in its terms tending in any way to indicate that its provisions were for the benefit of a third party. While it is the rule in this State that a promise made for the benefit of a third person may ordinarily be enforced, it is also the rule of our cases that, where a written contract creates a liability to a certain person and to no one else, parol evidence is not admissible to show that such liability was to another. *Harkins v. Edwards & Turner,* I Iowa, 426; *Davison & True v. Light & Coke Co.,* 24 Iowa, 419; *Osgood v. Bauder,* 82 Iowa, 171; *Junge v. Bowman et al.,* 72 Iowa, 648. The demurrer to the first count of the counterclaim should have been overruled, but as to the second and third counts it was properly sustained.

*Affirmed* in part, and *reversed* in part.