J. C. OSGOOD, Appellee, v. GEO. G. BAUDER & Co. *et al.*, Appellants.

1. **Contracts for Options:** ILLINOIS STATUTE: VALIDITY. A contract for the sale and delivery of a specific quantity of merchandise at a price stated, and giving the purchaser the privilege of ordering an additional quantity of the same merchandise at the same price within a time stated, is separable ; and where such a contract was performable in Illinois, *held* that so much thereof as gave to the purchaser the privilege of purchasing additional merchandise at the same price was illegal and void under the statute of Illinois against contracts for options, but that such illegality would not prevent a recovery by the vendor for such merchandise as was thereunder sold absolutely, and had been delivered.

2.  **Practice:** WITHDRAWING ISSUE FROM JURY. The trial court is warranted in withdrawing an issue from the jury, though there may be evidence tending to support it, if the proof be so deficient as to make it the duty of the court to set aside a verdict if returned in favor of the party presenting such issue.

3.  **Evidence:** ILLEGAL CONTRACT: DAMAGES. In an action upon a contract as above stated for the purchase price of merchandise delivered thereunder, the defendant pleaded a counterclaim for damages for the failure to deliver the additional merchandise ordered under the option therein given him, and sought to prove sales made by him upon the faith of such contract. *Held*, that so much of said contract as provided for such option being invalid, the evidence was properly excluded.

4.  ——: DECLARATIONS OF AGENT. The declarations of an agent having no reference to the business in which he is at the time employed are not admissible as evidence against the principal.

5.  ——: CONTRACTS IN WRITING: PAROL TESTIMONY. Parol testimony is not admissible to show that an order in writing for the purchase of merchandise signed " G. G. Bauder " was intended, and so understood, to be for " George G. Bauder & Co."

6.  ——: DAMAGES. In support of their claim for damages for the failure to deliver coal as ordered the defendants offered proof of a rise in the price of coal at a time when the same should have been delivered. *Held*, that as the proof extended to the coal claimed by defendants under the part of the contract held to be illegal it was properly excluded.

7.  **Practice:** REOPENING OF CAUSE. After both parties had rested, and the plaintiff's witnesses had gone away, the defendants filed an amendment to their answer, and asked leave to offer further testimony. *Held*, that the request was properly refused.

*Appeal from Linn District Court.*—HON. JAMES D. GIFFEN, Judge.

### THURSDAY, FEBRUARY 5, 1891.

THE claims of the respective parties are set forth in a petition, an answer thereto with three amendments, an amended and substituted answer with four amendments, a reply with five amendments, and an amended and substituted reply with four amendments, proved by three demurrers and three motions to strike, the whole covering over fifty pages of printed abstract. From all these pleadings it appears that this is an action at law

upon an account for coal sold and delivered by the Whitebreast Coal Company to the defendants, of which account the plaintiff is the assignee and owner. The defendants admit that coal was delivered to the amount claimed, and alleged by way of counterclaim that it was upon an agreement for four hundred cars of coal, each to contain fifteen tons, on certain terms and conditions stated; that immediately thereafter the price of coal advanced, and the Whitebreast Coal Company failed to deliver any more than one hundred and ten cars of coal, leaving two hundred and ninety cars not delivered, to defendants' damage. The plaintiff, in reply, admits that a contract was made for one hundred and fifty cars; that only one hundred and two were delivered; and alleges, as reason why the balance of the one hundred and fifty were not delivered, that they were to be ordered, so shipment could be made in August and September, and were not so ordered; and also sets up certain alleged customs of the trade. The plaintiff alleges that, at the time the contract for one hundred and fifty cars was made, another separate and independent agreement was made giving the defendant company an option or privilege of two hundred and fifty cars more of coal, said option to be exercised by September 1, 1886; that said option was not exercised within the time; and that said option agreement was made and to be performed in Illinois, and is void under the statutes of that state. There was a trial to a jury, resulting in a verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Hayes & Schuyler* and *Thompson & Lanning*, for appellants.

*McNett & Tisdale* and *Frank C. Hormel*, for appellee

Given, J.—I. Out of a voluminous abstract, with three amendments and one hundred and ninety-two

1. CONTRACTS
for options:
Illinois stat-
ute: validity.

assignments of error, we gather as the first and most important question presented, that of the validity of the contract upon which the defendants base their counterclaim. This question was raised by the defendants' motion to strike from and upon demurrer to the reply, by objection to the introduction of the Illinois statute in evidence, and to other testimony, by requests to charge, and by exceptions to the order sustaining the plaintiff's motion, that the defendants be nonsuited on their counterclaim. The determination of this single question disposes of most of the numerous assignments of error. On the former appeal, 75 Iowa, 550, it was held that the contract as set out in the defendants' answer was separable, and that the part giving an option to the defendants to order two hundred and fifty cars more of coal, on the same terms, was void, under the statute of Illinois. After the case was remanded, the defendants filed an amended and substituted answer and several amendments thereto, wherein the alleged agreement is very minutely and in some respects differently stated than in the former answer and amendments. The plaintiff's motion for nonsuit was upon the ground that there was no evidence to sustain the counterclaim; that the contracts were separable, and that the contract as to the two hundred and fifty cars was within the statute of frauds and void, and because the answer shows it void. The only persons having personal knowledge of what the contract was are the defendant, George G. Bauder, and S. G. Russell, agent of the Whitebreast Coal Company, by whom it was made. The testimony of these gentlemen, and the documentary evidence, shows that the agreement made was in every respect substantially as alleged in the answer presented on the former appeal, and not as set out in those since filed. The testimony shows an agreement clearly within the rule of the former opinion. The appellant contends that the motion for nonsuit was sustained, upon the ground that the agreement, as pleaded, was void and not upon the basis of the evidence. The language of

the motion and the state of the evidence is clearly against such conclusion. That the court overruled that part of the plaintiff's motion which asked to strike certain evidence relating to the option contract, does not show that the nonsuit was ordered on the pleadings, for that testimony had a bearing upon the issues as to the one hundred and fifty cars. The appellants argue at length, and cite numerous authorities to show, that the agreement, as alleged in their last substituted answer and amendments, is not within the Illinois statute. Finding that the testimony shows the agreement made to be such as is provided against by that statute, we do not inquire whether the answer shows such an agreement or not.

II. The appellants contend that there was testimony tending to show an agreement, as alleged in their 2. PRACTICE: answer, and that the court erred in not withdrawing issue from submitting the issues as to the counterjury. claim to the jury. Many of the numerous decisions of this court on that subject are cited, in most of which it will be found that this court has sustained the lower court in sustaining and in overruling motions for nonsuit. A careful examination of the testimony satisfies us that there is no substantial conflict as to what the agreement was, in any of the respects affecting its validity. The testimony of Mr. Bauder and Mr. Russell, and the documentary evidence, are in substantial harmony on these points. In *Powers v. Council Bluffs*, 45 Iowa, 652, it is held that the parties have a right to submit their case to the jury upon whatever evidence they offer, be it ever so inconsiderable, "but not so if a party offers no evidence, or all the proof on both sides points in the same direction." We think all the proofs in his case, on that branch of it, point to an illegal contract. In *Starry v. Railroad*, 51 Iowa, 419, the court, finding it to be a case wherein it would have been the duty of the court to set aside the verdict in favor of the plaintiffs, said: "Why then occupy the valuable time of the court at the public expense, for the purpose of going through a useless form and

ceremony?" We think that, under the testimony in this case, it would have been the duty of the court to set aside a finding for the defendants on the counterclaim. Our conclusion is that the agreement, as proven, was within the rule of the former opinion of this court, and that there was no error in the rulings of the district court, mentioned in the first paragraph.

III. Mr. Bauder was asked what he did under the arrangement as to placing or selling coal, to which plaintiff's objection was sustained. In this connection defendant stated certain matter which they offered to prove, and the court held that they should do so by putting questions. The practice of making statements in the presence of the jury of what is offered to be proven is so frequently resorted to for unwarrantable purposes that the better practice is to require the questions to be raised by interrogatories to the witness, when they can be so raised. The record was as completely made for the defendants by the interrogatories put as by their statement, and there was no error in the court's requiring them to make the record by putting questions to the witness. There was no error in refusing to allow defendants to prove what they had done as to placing on selling coal. In the view we take of the contract as to the two hundred and fifty cars, it was certainly immaterial what defendants had done toward placing that coal. The allegation in the answer is that defendants had purchased four hundred carloads of coal, one hundred and fifty of which "should be shipped absolutely, as ordered; * * * that said defendants were to take, and said Whitebreast Coal Company to deliver, upon the same terms and conditions, all the coal that said defendants' could place and sell among their customers, and to their trade, not to exceed two hundred and fifty carloads additional." The only questions remaining were as to the one hundred and fifty carloads, and it will be noticed that these were to be delivered absolutely, and what is said as to placing and selling is as to the two hundred and fifty cars, and they being

2. EVIDENCE: illegal contract: damages.

out of the case there was no error in the ruling of the court.

IV.  Twenty-five assignments of error, based upon the sustaining of plaintiff's objections to acts and dec-

**4. ——: declara-
tions of agent.**

larations of one Pitman, general agent for the coal company, are submitted together. We are not referred to the pages of abstract showing these objections, and have found it quite difficult to trace them.  We understand that it is not claimed that Pitman had anything to do with the making of the contract.  The acts and declarations sought to be proven occurred after the contract was fully made. *McP herrin v. Jennings*, 66 Iowa, 622, is relied upon, wherein it is said:  "The ground upon which the declarations or admissions of an agent are admitted in evidence against the principal is that whatever he does or says in reference to the business in which he is at the time employed, and which is within the scope of his authority, is done or said by the principal."  We do not discover that what was said and done by Mr. Pitman was at a time when he was employed in reference to his business; therefore, see no error in excluding this testimony.

V.  Exhibit 12 is an order dated September 23, to the coal company, to ship certain numbers of cars of

**5. ——: contracts
in writing:
parol testi-
mony.**

coal of different kinds stated, by routes and to the points stated, and signed "G. G. Bauder."  The language of the order is: "Please ship to me * * * also ship to me."  The defendants asked questions with the view of showing that this order was meant for and understood by the coal company as meaning the firm of George G. Bauder & Co., to which the plaintiff's objections were sustained. *Simons v. Marshall*, 3 G. Greene, 502, is cited, but is not in point.  In that case parol evidence was admitted to show that the party in possession by virtue of a lease was the identical party who had signed it, though by a different name.  Parol evidence is not admissible to verify or contradict a written instrument.  This instrument, upon its face, is the order of G. G. Bauder, and

parol evidence is no more admissible to show that it was intended and understood to be the order of George G. Bauder & Co., than that it was intended and understood to be the order of any other person. In this connection see *Davison v. Gas Co.*, 24 Iowa, 419 ; *Watts v. Cranberry Co.*, 63 Iowa, 730, and *Chambers v. Brown*, 69 Iowa, 213.

VI.  The defendants allege that two changes were made in the contract as to the time and delivery of the coal, and complain that the court refused to allow them to prove that such changes were made, and that the price of coal had advanced by the time the delivery was to be made. The alleged changes were as to the time of delivering the two hundred and fifty cars, and, as the claim as to these was properly withdrawn from the jury, there was no error in excluding evidence of the alleged changes. The evidence offered as to the rise in the price of coal was not limited to the time when the one hundred and fifty cars were to be delivered, and was, therefore, properly excluded.

6. —: damages.

VII.  After both parties had rested and plaintiff's witness had gone away, the defendants, with leave of court, made another amendment, and asked to be permitted to offer more testimony, which the court refused. We see no error in the refusal. Both parties had had their day in court, and there is no reason apparent why the case should have been open for further proofs. A number of errors assigned are not discussed, and under the rule will not be considered. We may say, however, that we think that they are all embraced in the questions already considered.

7. PRACTICE: reopening of cause.

Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED