KIMBALL & CHAMP, Appellants, v. JAMES SAGUIN, Appellee.

1. **Deceit:** MISREPRESENTATION OF VENDOR AS TO TITLE TO REAL ESTATE: REMEDY OF VENDEE. An action for deceit will lie against a vendor of real estate for misrepresentations as to his title.

2. **Promissory Note:** DEFENSES: EVIDENCE. The grantor's misrepresentations being set up as a defense to a promissory note given for part of the purchase money for the property in question, and for the purpose merely of showing a failure of consideration, no claim for damages being made, *held*, that evidence that the grantee knew of the defects in the tax title, upon which the conveyance to him was based, and of the amount for which he could have purchased the patent title, was properly excluded.

3. **Practice:** INTRODUCTION OF EVIDENCE: DISCRETION OF COURT. The reception of further testimony in a cause after the evidence has been declared closed, rests with the discretion of the trial court, and its action will not be disturbed upon appeal where no abuse of such discretion is shown.

4. **Evidence:** LEADING QUESTIONS. A question put to the plaintiff, the assignee of said note, as to what the grantor said with reference to himself or his grantor's having had actual possession of the property in question, *held*, not to be objectionable as leading.

5. **Practice in Supreme Court:** VERDICT: CONFLICT IN EVIDENCE: APPEAL. The verdict of a jury will not be disturbed upon appeal, where there is evidence to support it, although upon the whole record the court might reach a different conclusion.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FRIDAY, OCTOBER 7, 1892.

THIS is an action upon a promissory note executed by the defendant Saguin to the defendant William

Siedentopf or order, by whom it was assigned to the defendant Farnsworth, by him to the First National Bank of Council Bluffs, and by said bank to the plaintiffs. Saguin alone defends, and alleges that said note, together with one thousand, five hundred dollars in cash, was given to Siedentopf in consideration of a conveyance to the defendant of certain real estate by said Siedentopf; that for the purpose of inducing the defendant to make said purchase and to pay said money and execute said note, the said Siedentopf made certain false and fraudulent representations concerning the title in himself to said real estate, knowing the said representations to be false; that, relying upon said false representations as true, he, the defendant, was induced to pay said money to execute said note to Siedentopf, and to receive from him his deed of conveyance for the real estate so purchased; and that the title so conveyed to him has wholly failed; wherefore he says there is no consideration for said note. He alleges that neither the plaintiffs, nor either of the assignees of said note, were *bona fide* purchasers thereof for value before due without notice; wherefore he asks that said note be fully canceled. Issues were joined by reply, the case submitted to a jury, and a verdict for the defendant Saguin, with certain special findings, returned. Judgment was entered upon the verdict and findings in favor of the defendant Saguin. The plaintiffs appeal.—*Affirmed.*

*Burke & Cassady* and *W. H. Ware*, for appellants.

An action for deceit does not lie in respect to naked representations of title. *Leonard v. Pitney*, 5 Wend. 30; *Rosewell v. Vaughn*, Cro. Jac. 196; *Lisney v. Selby*, 2 Lord Raymond, 1119; *Lisney v. Selby*, 1 Salk. 211; *Whitney v. Allaire*, 1 Comstock (N. Y.) 313 to 315; *Frost et al. v. Raymond*, 2 Caines, 192; *Peabody v. Phelps*, 9 Cal. 213. It would be a dangerous doctrine

if the purchaser of real property, instead of seeking his remedy on the covenants of the deed, were to be permitted to bring his action for deceit and support it by the confused and indistinct recollection of witnesses of what was said during a negotiation for the purchase. It is true that the action of deceit has been allowed where there was a misrepresentation as to boundary or quantity or quality, or some collateral fact, but when it is simply a question of title, or failure of title, as here, the best reasoning and the best authority is against it. *Earle v. Earle*, 20 N. J. Law, 363; *Peabody v. Phelps*, 9 Cal. 227.

*Flickinger Bros.*, for appellee.

The doctrine of *Peabody v. Phelps*, on which the appellant relies with so much confidence as a bar to the plaintiff's recovery, was at the time very doubtful, and, as appears by the labored argument of the court, it was against justice and equity and the decisions, and was only arrived at by a process of technical judical reasoning, which leaves an impression on the reader of its absolute unfairness. Within five years from the filing of the opinion, in the case of *Wright v. Carillo*, 22 Cal. 604, the case of *Peabody v. Phelps*, was openly questioned and criticised, and the announcement made that when the point came up directly before it again it would be overruled. But even if not overruled, the facts and the law applicable to the Peabody case have no bearing on the case at bar, and the innuendoes sought to be derived therefrom have all been swept away by recent decisions of the court of this state as well as of other states. See *Ballou v. Lucas*, administrator *et al.*, 59 Iowa, 22; *Day v. Lown*, 51 Iowa, 367; Addison on Torts, section 1219; *Saville v. Chambers*, 76 Iowa, 325; *Trayer v. Reeder*, 45 Iowa, 272; *Tyner et al. v. Cotter*, 30 N. W. Rep. (Wis.) 786.

GIVEN, J.—I.   The conveyance from Siedentopf to Saguin was with limited covenants as follows:   "Do hereby covenant to warrant and defend the title to said premises against the lawful claims of all persons claiming by, through or under me."   The failure of title alleged was not by reason of any person claiming through or under the defendant Siedentopf, but because of his having no valid title to the property conveyed.   There is no allegation of a breach of the covenant in the deed, nor of a verbal warranty and breach thereof; but the defense is fraud and deceit in knowingly and fraudulently misrepresenting the title held by the grantor. The appellants contend that an action or defense for deceit in misrepresentation of title will not lie; that the only remedy for a failure of title is upon the covenants in the deed, and that, where these are limited, the purchaser takes all risks not covered by the limited covenant; and if there be no covenant, as in case of a quitclaim deed, he takes all risks as to title; that when it is intended that the vendor shall answer for the title, covenants are inserted in the deed that define the terms of the contract; that covenants will not be implied, and that the purchaser takes the title at his own risk, except as it may be warranted by covenants in the deed.

*1. DECEIT: misrepresentation of vendor as to the title to real estate: remedy of vendee.*

In considering the question before us we must keep in mind the distinction between an action for a breach of warranty and an action for fraud and deceit. The appellant cites cases wherein the courts have either expressed doubts upon the right to maintain an action for fraudulent representations as to the grantor's title, or the opinion that such an action could not be maintained, but an examination of these cases shows that the question before us was not involved nor determined.   In *Leonard v. Pitney,* 5 Wend. 30, MARCY, J., says: "Doubts may well be entertained whether an action at law will lie

for a deceitful and false representation of title in the vendor of real estate. Such an action has not as yet, I believe, been sustained, except, it may be, in some of the states where the same tribunal is possessed of equity jurisdiction as well as the powers of a court of common law. There is, however, no occasion now to examine that question." In *Frost v. Raymond*, 2 Caines, at page 192, the court recognizes the rule "that, if there be no covenant of title in a deed, the purchaser takes, at his own risk, the goodness of the title." It is said the "parties to deeds know that a covenant is required to hold the seller to warrant the title, and they regulate their contract accordingly. If there be any fraud in the sale, the purchaser has his remedy. If one sell land, affirming he had a good title, when he had no title, an action on the case for a deceit will lie." Here the distinction between an action on a contract of warranty and for deceit is recognized, and the case is authority for the right to maintain an action for deceit. In *Whitney. v. Allaire*, 1 N. Y. 305, it is said that it is a strong argument against the action for falsely representing the title that no precedent for it has been found. It is further said: "It is not necessary in this case to decide whether an action will lie for a false and fraudulent representation by the vendor of real estate that he has title to the property; for that question seems not to have been made on the trial."

The only case from other states wherein this precise question has been determined, that we are able to find, is *Peabody v. Phelps*, 9 Cal. 213. At page 226, the court states the question to be "whether an action for a false and fraudulent representation as to the naked fact of title in the vendor of real estate can be maintained by the purchaser, who has taken possession of the premises sold under the conveyances with express covenants." The covenant in that deed was to warrant and defend the title "from me and my heirs

and assigns forever." The court says: "The precise question does not appear to have been directly decided. There are *dicta* in the Reports, but we have been unable to find any adjudicated case on the exact point." The conclusion reached in that case is that the action could not be maintained. We think, however, that the reasoning of the learned judge shows that the distinction between an action for deceit and for breach of warranty was lost sight of. While this case was not overruled in *Wright v. Carrillo*, 22 Cal. 596, its correctness was questioned. In commenting upon it the court says: "There are certain very strong reasons for contending that a person obtaining money by false and fraudulent representations respecting his title to land should be compelled to repay it,—as much so as the seller of a horse or other personal property; and the fact that the vendee has neglected to secure himself by proper covenants of warranty should be no defense. The fraud may have been perpetrated and falsehood employed for the very purpose of inducing the vendee to take the conveyance without any, or with insufficient, covenants. That fraud has been successful, has never been supposed to deprive the party defrauded of all remedy. The power of a court of equity, as well as of law, has heretofore been considered most potent in such cases, but if such be the law, they are powerless in the most aggravated cases of deceit. The ruling upon this point in *Peabody v. Phelps* is clearly in conflict with the decision in *Alvarez v. Brannan*, 7 Cal. 504, and it should be reinvestigated in some case where it can properly be adjudged, and upon sufficient argument of the question." *Ballou v. Lucas*, 59 Iowa, 22, was an action in chancery to rescind a sale and conveyance of land on account of fraudulent representations as to the title. The defendant insisted that, as the contract of purchase called for a quitclaim deed, and the plaintiff had accepted such a deed, "he has no

remedy against the defendant for the fraudulent representations as to the title of the land." The court says: "The position is based upon the familiar rule that one who takes lands under a quitclaim deed is not to be regarded as a *bona fide* purchaser without notice of outstanding titles and equities. But this doctrine is not applicable to this case. It prevails in settling conflicting titles, and is intended to protect equities as against those charged with notice of their existence. It is never invoked to protect a fraudulent grantor, who, by false representations, induces a confiding purchaser to believe that he acquires a good title under a quitclaim deed. * * * It would be a reproach to the law to hold that a vendor who, by fraudulent representations, has induced a vendee to accept a quitclaim deed for land, can wholly escape liability for his fraud." This case is decisive of the question before us, and leads us to the conclusion that the contention of the appellants on this point is not well founded.

II. The appellants complain of certain rulings in admitting and rejecting testimony. They offered to prove that Saguin knew of the defects in the tax title upon which the conveyance to him was based, and that he could purchase the patent title at less than ten dollars per lot. They also offered to prove the price at which the patent title had been purchased by others. This evidence was properly excluded. There was no question of damage submitted to the jury. The issues submitted were as to the alleged fraud, failure of title, and consideration in the note, and whether the appellants were purchasers for value before due without notice. Saguin was not bound to prevent a failure in the consideration of the note by buying the patent title, even if such a purchase would have prevented it.

*2. Promissory note: defenses: evidence.*

III. After the evidence was closed and the argument commenced, the appellants offered to prove by

the assistant cashier of the bank that he had no notice of any defenses to the note at the time the bank received it. It was in the discretion of the court whether or not to then admit further evidence, and there is nothing to show that this discretion was not properly exercised.

**3. PRACTICE: introduction of evidence: discretion of court.**

The appellants complain that they were improperly restricted in the cross-examination of the defendant Saguin and the witness Flickinger. The record does not justify the complaint. Most of the questions were not proper cross-examination, and others were immaterial, or subsequently answered.

IV. A question put to the appellee in chief was objected to as leading, and the objection overruled. The witness was asked what Siedentopf said with reference to himself or his grantor's having had actual possession of the property. No answer was suggested by the question,—only the subject upon which Siedentopf's statements was desired. We discover no errors in the rulings admitting and rejecting testimony.

**4. EVIDENCE: leading questions.**

V. The appellants' further complaint is that the court erred in not setting aside the verdict and special findings. The verdict and findings are in harmony, and have support in the evidence. The case was fully and fairly submitted to the jury, and, although we might arrive at a different conclusion from the evidence, we may not for that reason disturb the verdict. There being evidence to support the verdict, and there being no prejudicial errors in the submission of the case, the judgment of the district court is AFFIRMED.

**5. PRACTICE in supreme court: verdict: conflict in evidence: appeal.**