J. L. SUDDETH, Appellee, v. THE INCORPORTED CITY OF BOONE, IOWA, Appellant.

**Assignment of Error.** An assignment of error stating "the court 1 erred in overruling defendant's objection to evidence in each and every instance appearing of record, etc." is insufficient.

**Nonexpert Evidence:** OBSERVATION OF CAUSE AND EFFECT. The 2 observation of a witness as to ordinary causes and effects is not a conclusion but the subject of nonexpert testimony.

Nuisance: EVIDENCE. On the question of whether the discharge
from a sewer constitued a nuisance it may be shown that the
sewer had no ventilators or deodorizing appliances so that all
the odors were carried to the outlet.

Evidence: CONCLUSION OF WITNESS. In an action to abate a sewer
nuisance a witness should not be permitted to state that filter
beds would be of benefit to a sewer, as that is a fact for the
jury to determine.

Order Continuing Injunction: NOT APPEALABLE. In an action for
damages and to abate a nuisance an order continuing the injunc-
tion for the purpose of enabling the defendant to abate the
nuisance is not an order of abatement, nor is it appealable.

*Appeal from Boone District Court.*—HON. S. M. WEAVER,
Judge.

TUESDAY, OCTOBER, 13, 1903.

ACTION at law to recover damages for nuisance and to
abate the same. Trial to a jury. Verdict and judgment
for plaintiff, and defendant appeals.—*Affirmed.*

*D. G. Baker* for appellant.

*Ganoe & Hollingsworth* for appellee.

DEEMER, J.—Plaintiff was in the possession of and
claims to own or have a lease for certain lands at or near
the city of Boone, through which runs a small stream
known as "Honey Creek." Before plaintiff obtained his
right to the land, the defendant had constructed a sewer
system, which had its outlet into Honey creek, and into
which it discharged the sewage of the city. Plaintiff
claims that defendant thus befouled the stream, and
caused noxious and offensive smell to arise about his
property, pollutted the waters of the stream, and other-
wise injured and damaged his property, rendering his
house unfit for habitation, endangering the life of himself
and family, and causing them to be sick. The defendant
pleaded, among other things, that plaintiff knew of the

condition of affairs before he moved upon the property; that the sewer system was permanent in character, was constructed in the year 1895, and is now in the same condition as when erected, and that plaintiff's action is barred. It also pleaded that Honey creek was the only natural outlet for its sewer system, and denied all negligence in the construction of the system or in the operation thereof. It further pleaded that the damages to plaintiff, if any, were caused by other things than the discharge of sewage; and that, on account of the location of the land, it was and is of little value, and that whatever damages plaintiff suffered was due to his own fault and neglect. On these issues the case was tried to a jury, resulting in a verdict for plaintiff in the sum of $175. Judgment was rendered on the verdict, and the court also made the following order: "Decision on plaintiff's demand for an injunction continued until the April, 1902, term of this court, for the purpose of enabling defendant to remedy the nuisance complained of." No further order seems to have been made on the application for an injunction, nor does it appear what, if anything, was done by the city toward abating the nuisance.

While something like twenty-one errors are assigned, few, if any, of them are sufficient to raise any question for our consideration. Those relating to instructions given 1. ASSIGNMENTS of error. and refused, to the ruling on defendant's motion for a directed verdict, and on its motion for a new trial are omnibus in character, and clearly insufficient to demand attention at our hands. *Huss v. R. R. Co.*, 113 Iowa, 343; *Fitch v. Traction Co.*, 116 Iowa, 716; and cases cited under section 4136 of the Code. The same may be said of assignments such as this: "The court erred in overruling defendant's objections to evidence in each and every instance appearing of record," etc. *Dairy v. R. R.*, 113 Iowa, 716. Giving to defendant the benefit of every doubt regarding the sufficiency of

its assignments of error, we proceed to a discussion of such as are argued.

Witnesses were permitted over defendant's objection to state that the smell of gases from the outlet of the sewer made them sick. The ruling is said to be erroneous, because the question called for the opinions and conclusions of the witnesses. One of the witnesses was plaintiff's wife, and it was certainly material to show by competent evidence that the alleged nuisance affected her health. We think the evidence given by these witnesses was both competent and material. The observation of a witness as to ordinary causes and effects is a fact which may be given to a jury by a nonexpert witness. *Yahn v. City of Ottumwa*, 68 Iowa, 432. The question as to the character of the odors arising from the sewage was one of the material points in the case, and we think an ordinary witness may state not only the nature of these odors, but their effects as observed by him. *Parker v. Boston Co.*, 109 Mass. 449; *Elliott v. Van Buren*, 33 Mich. 49 (20 Am. Rep. 668). How many times witnesses were made sick by these offensive smells was, of course, immaterial; but that they were in fact made sick was material.

*2. NON-EXPERT evidence: observation of cause and effect.*

Witnesses were permitted to testify, over defendant's objection, that the sewer system had no septic tanks or deodorizing basins, and that it had no artificial ventilators or shafts. While it is true that plaintiff struck from his petition all claim that the system was not properly constructed, yet we think this evidence was material and relevant to the issues, in that it tended to show the character of the sewage which was emptied into the creek, and that all the odors were carried down to the outlet, and there set loose to contaminate the atmosphere.

*3. NUISANCE: evidence of.*

A witness for defendant was asked whether or not filter beds would be of any particular benefit to plaintiff.

Objection to the question was sustained, and, we think, properly so, for the reason that that was

**4. EVIDENCE: conclusion of witness.** a question for the jury. The general effect of filter beds for such a system might, perhaps, have been a proper matter of inquiry, but their effect upon plaintiff was purely a question for the jury. . The distinction between the two questions is manifest. A jury must be given something to do, and, as a rule, a witness cannot substitute his judgment for that of a jury. Moreover, under the instructions given by the court, which must be accepted as the law of the case, defendant could not show in defense that septic beds or bacteria tanks would not remedy the nuisance; hence the error in refusing this evidence, if there were error, was without prejudice.

The same witness to whom these interrogatories were propounded testified that deodorizing of sewage is practicable, but would cost some money. He also fully testified regarding bacteria and filter beds, and there was no prejudice in any of the rulings complained of by defendant. Defendant offered to show that it had no funds with which to make the plant innocuous or inodorous, but was not permitted to do so. Its counsel now say that such evidence was not admissible on the question of damages, but that it should have been received on the question of abating the nuisance; and this brings us to the last matter complained of, which is the entry made by the court in its judgment regarding the abatement of the nuisance.

**5. ORDER continuing injunction: not applicable.** Referring back to that entry, it will be seen that the court in effect made no order save to continue the application for the injunction until the next term of court. True, it says it did so for the purpose of enabling defendant to remedy the nuisance complained of. But this was not an order of abatement, nor was it obligatory on the defendant to abate the nuisance. It took its chances on doing so, and at the time to

which the cause was continued it might present any material evidence it may have had on the question of abating the nuisance. It does not appear that anything has been done under this order by way of issuing an injunction, nor is any showing made as to what defendant has done or has been able to do to remedy the nuisance. It will be time enough to complain when the injurious order is made. An order for a continuance is not such a one as may be appealed from, and it is clear that no appeal will lie from the reasons given by a court for making an order for a continuance. There is nothing to show that defendant has been enjoined from operating its plant, or that it has in fact been ordered to abate the nuisance. This answers appellant's argument with reference to the admission of the testimony last referred to, and also covers the validity of the entry quoted.

Counsel submits a lengthy argument on the question of the right of a court to abate such a nuisance as is here complained of, but, for reasons already stated, we cannot consider that feature of the case.

Having now discussed all matters presented by proper assignments of error, which have been argued by counsel; and, finding no prejudicial error, it follows that the judgment is right, and it is AFFIRMED.

WEAVER, J., taking no part.