HARRISON COUNTY, Appellee, v. THE STATE SAVINGS BANK, Appellant.

Counties: RECOVERY OF FUNDS: PARTIES. Judgment against a supervisor for the amount of county funds improperly drawn by him and deposited in a bank with knowledge by the bank that it was county property, is not a prerequisite to a suit by the county against the bank to recover the same, nor is the supervisor a necessary party to the action.

Parties.  Any error in overruling a demurrer to a petition because of want of a necessary party, is cured by making such party a defendant before trial.

Jurisdiction.  The recital in an abstract on appeal that a certain defendant "defaulted for want of pleading after appearing herein," was a sufficient showing of jurisdiction.

Evidence: ADMISSIONS OF BANK CASHIER.  The admissions of the cashier of a bank when called as a witness in a suit to which the bank was not a party, are not admissible against the bank in a subsequent suit to which it is a party, unless such cashier is shown to have been authorized to speak for the bank.

*Appeal from Harrison District Court.*— HON. N. W. MACY, Judge.

FRIDAY, APRIL 7, 1905.

THE opinion states the case.— *Reversed.*

*J. S. Dewell,* for appellant.

*Roadifer & Arthur* and *Bolter Bros.,* for appellee.

WEAVER, J.— The petition alleges that one Hilliard, a duly qualified and acting member of the board of supervisors of the plaintiff county, unlawfully drew from the county treasury a large sum of money belonging to the county road fund, and deposited the same with the defendant bank. It is further alleged that the bank received the money, knowing that it was the property of the county, and still has the same in its possession, to the amount of $200, for the recovery of which judgment is demanded.  A demurrer to this petition on the ground that no recovery can be had against the bank until the plaintiff's claim has been adjudicated was overruled, and thereafter defendant answered, denying the plaintiff's claim; alleging a defect of parties, in that Hilliard was not made a defendant; and reasserting in substance the objections stated in the demurrer to the petition.  By a later amendment to the petition, Hilliard was impleaded as a de-

fendant in the action. He made no defense, and, being held to be in default, judgment was entered against him for the sum of $200, interest, and costs. The cause as against the bank was tried to the court without a jury, and, from a judgment in plaintiff's favor for the amount claimed, said defendant appeals.

I.   Error is assigned upon the overruling of the demurrer to the petition. The ruling was correct. The obtaining of a judgment against Hilliard was not essential to

1. COUNTIES: recovery of funds; parties.

the plaintiff's right of recovery. Were it held otherwise, a county officer could wrongfully appropriate the entire contents of the treasury, deposit them in a bank having knowledge of the true character of the fund, and then, by going beyond the jurisdiction of the court, leave the county powerless to enforce its demand against the depositary.

But even if it should be held that Hilliard was a necessary party to the litigation, he was made a defendant in

2. PARTIES.

fact before the case came on for trial, and the error, if any, in the prior proceedings, was thereby cured.

It is sought in argument to deny that any jurisdiction of Hilliard was obtained, and to assert that the recital in the record of an appearance by or for him is not correct.

3. JURISDICTION.

The appellant's abstract shows that " C. H. Hilliard defaulted for want of pleading after appearing herein." In our judgment, this is a sufficient showing of jurisdiction.

II.   The one troublesome question arises upon exceptions taken to the admission of testimony on the trial below. The plaintiff was permitted, over appellant's objection, to

4. EVIDENCE: admissions of bank cashier.

put in evidence what is described as " a transcript of certain testimony given by W. J. Burke in the case of the *State of Iowa v. Charles H. Hilliard* in the District Court of Harrison County, Iowa, commencing February 24, 1902. Said tran-

script being certified to by O. D. Wheeler, judge, and B. O. Binington, reporter in said case." From this transcript plaintiff was allowed to read the statements of Burke that he was cashier of the State Savings Bank; that in the years 1899 and 1900 Hilliard gave him orders on the county auditor for the issuance of warrants upon the road fund; that no account of the money thus drawn was entered upon the books of the bank, but the sum was held as a cash item, subject to be drawn by Hilliard, and there was of this deposit then remaining in the bank " some over two hundred dollars." This constitutes all the evidence offered on the part of the plaintiff to show the wrongful deposit of the money by Hilliard, or the possession of the balance of said fund by the bank. We assume that this testimony was offered and admitted on the theory that the statement or testimony of the cashier in the other case is in the nature of an admission by the bank, and, as such, affords sufficient basis for a finding in plaintiff's favor upon the issue in this case. But we think this cannot be approved as correct. It is undoubtedly true that under some circumstances the statement or admission of a cashier may be taken as the statement or admission of the bank he represents, but this is so only when the cashier is acting within the scope of his power or duty as the bank's agent or officer. It is therefore incumbent upon the party who offers such testimony to establish its admissibility under the rule just stated. And this is especially true where the statement or admission sought to be proved has reference to a past transaction. Directly in point, see *Vohs v. Shorthill*, 124 Iowa, 471; *Osgood v. Bringolf*, 32 Iowa, 265; *Osgood v. Bauder*, 82 Iowa, 171; *Treadway v. R. R.*, 40 Iowa, 526; *Yordy v. Marshall*, 86 Iowa, 340; *Phelps v. James*, 86 Iowa, 398; *United States v. Bank*, 21 How. 356 (16 L. Ed. 130); *Wiley v. Bank*, 47 Vt. 546 (19 Am. Rep. 122); *Bank v. Byrnes*, 82 N. Y. (Supp.) 497; *Lyman v. R. Co.*, 132 N. C. 721 (44 S. E. Rep. 550).

Now, in the case before us there is nothing in the record

to show that in testifying upon the trial of *State v. Hilliard,* the witness Burke could be said to speak as the representative of the bank, having power to bind the corporation by his admissions. Indeed, there is nothing whatever in the record to indicate the nature of the issue then being tried. In an action or proceeding to which the bank is a party, admissions made by the cashier upon the witness stand may well be treated as the admissions of the corporation which he represents; but, where the cashier is called as a witness in an action between third parties, it is certainly the general, if not the universal, rule that he does not represent his corporation in such a sense that his statements there made will be admissible against it in a later litigation to which it is a party in interest. If in any case there be peculiar or exceptional circumstances requiring the application of a different rule, the burden rests upon the party offering the evidence to bring his offer within the exception. No such showing is made in this case. On the contrary, as we have already noted, the record, as presented to us, is entirely barren of any proof as to the circumstances under which the testimony of Burke was given, except the simple statement that it was in the case of the *State of Iowa v. Charles H. Hilliard.* This is too meager a showing to justify its admission in the present case, and we think the defendant's objection to the introduction of the transcript should have been sustained.

We find no other prejudicial error in the record.

For the reason stated, the judgment of the district court is *Reversed.*