W. D. TISDALE, Ancillary Executor, v. ANN ENNIS ET AL., Appellants.

**Practice:** CONTINUANCE. The granting of a continuance, largely a discretionary matter, to a day later in the term for the purpose of procuring rebuttal evidence, the necessity for which was not disclosed until defendant had testified, was not an abuse of discretion; the showing of diligence having been reasonably sufficient.

Trial: RECEPTION OF EVIDENCE: HARMLESS ERROR.  Where it is apparent the result should have been the same on a new trial, any error, having the effect simply to determine an equity case on all the evidence, is not ground for reversal.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

WEDNESDAY, OCTOBER 27, 1909.

ACTION to recover the amount due on a promissory note alleged to have been executed by said Ann Ennis and her husband, John B. Ennis.  There was a denial under oath of the signature to the note and mortgage by the defendant Ann Ennis.  Her husband made default.  The court, after hearing the evidence, entered a decree as prayed, and the defendant Ann Ennis appeals.—*Affirmed.*

*Steck, Daugherty & Steck,* for appellant.

*Tisdale & Heindel,* for appellee.

MCCLAIN, J.—The note and mortgage sued on purport to have been executed by defendant Ann Ennis, her husband, John B. Ennis, joining with her in the mortgage. Prior to the institution of the suit the marriage relation between defendants had been terminated by divorce, and the husband made default.  On the issue raised by the wife's denial of the genuineness of her signature to the note and mortgage, evidence was introduced for plaintiff tending to show that the wife, who will be treated hereafter as sole defendant, had acknowledged to plaintiff the genuineness of her signature.  Defendant, as a witness, testified that she never signed the instrument, and plaintiff thereupon moved for a continuance to a later day of the term in order to secure the testimony of John B. Ennis, stating that, if said witness were present, he would

testify that he signed his wife's name to the note and mortgage by her direction and in her presence, and that the money procured for such note and mortgage was used in the improvement of the mortgaged property which belonged to the wife, and which witness had theretofore been managing for her. This motion was sustained by a showing as to surprise on the part of plaintiff at the testimony of defendant and diligence in the efforts to procure the testimony of the witness. This motion was resisted on the ground that it was not interposed in proper time, and that the showing of diligence on the part of plaintiff was not sufficient. The court held plaintiff's motion sufficient, whereupon defendant admitted that the witness, if present, would testify as stated in the motion, and the motion was accordingly overruled. Immediately after this ruling was made, plaintiff filed an amendment to his said motion for a continuance, setting out more fully the facts to which it was alleged John B. Ennis would testify, and this amendment the defendant moved to strike, which motion the court overruled, and the case was thereupon continued. This continuance was granted on April 14, 1908, and on May 25 following the hearing of the case was resumed, whereupon plaintiff offered as a witness John B. Ennis, who testified substantially to the facts set forth in plaintiff's motion and amended motion for a continuance, and offered the deposition of the notary to whom the acknowledgment of the mortgage by defendant and her husband was taken, in which he testified that the wife had voluntarily acknowledged the mortgage. The testimony of the husband was objected to on a ground not now relied upon by defendant, and his testimony, as well as that of the notary given by deposition, was objected to because offered after the plaintiff on the former hearing had rested his case. As the plaintiff offered the testimony of these witnesses in rebuttal, this objection was without merit, and was properly overruled. Thereupon the court entered a

decree as prayed, and the defendant urges as the sole ground for reversal of such decree that the court erred in granting the continuance and affording plaintiff the opportunity to introduce the evidence received on the last hearing.

Without regard to the alleged error of law in granting the continuance, defendant is entitled to a trial *de novo* on this appeal, but his counsel do not contend that, under the evidence which was before the court when the decree was finally rendered, any other result on the merits could be reached, and they do not contend that by any action of the court they were prevented from introducing all the evidence which could be procured bearing on the merits of the controversy. Their sole claim is that the court erred in granting a continuance when application therefor was made, and refusing to decide the case on the evidence which had then been presented. It could not reasonably be contended, even if such a claim were made for defendant, that at the time the continuance was granted defendant was entitled to a judgment in her behalf on the evidence then presented. There was at that time conflicting testimony as to whether the instruments were, in fact, executed by defendant. We have therefore this curious situation: That the defendant, bringing the decree against her in an equity case to this court for review on trial *de novo,* concedes the decree to be correct on the evidence, but asks its reversal for error of law committed in granting a continuance during the trial which enabled the plaintiff to introduce further evidence in support of his claim.

Now, it may be conceded that in an equity case the unsuccessful party may rely upon errors of law affecting the final disposition of the case, but we think that relief

1. PRACTICE: continuance.

from the final decree should not here be granted for two reasons. In the first place, the granting of a continuance is largely in the discretion of the trial court in the interest of justice, and we are

not satisfied that this discretion was abused in granting the continuance complained of. The necessity of the testimony of the absent witness had not become manifest until the defendant had testified that she had not signed nor authorized the affixing of her signature to the note and mortgage. The showing of diligence was reasonably sufficient, and, as a postponement was not asked beyond the term, it was entirely within the court's proper discretion to allow time for the introduction of further evidence in rebuttal.

But, in the second place, a reversal for error in the ruling on the motion for a continuance would not lead to any change in the final result of the trial. On a new trial the evidence of the husband and the notary would be available to the plaintiff, and it is not suggested for appellant that she could have procured any other evidence to overcome it than that which was offered on the first hearing, with the necessary conclusion that the decree must be for plaintiff as it was on the final hearing. We will not reverse, especially in an equity case, for error of law committed during the trial, where it appears without question that the final result on another trial must be the same. Error which cannot affect the final result of the litigation is to be regarded as without prejudice. *Schaefer v. Anchor Mut. Ins. Co.,* 133 Iowa, 205; *Dawson v. Wisner,* 11 Iowa, 6; *Schoenhofen Brew. Co. v. Armstrong,* 89 Iowa, 673.

*2. TRIAL: reception of evidence: harmless error.*

Had the defendant been unable by reason of rulings against her to secure evidence supporting her contention, then she might for error in such ruling have a reversal of the decree against her, but the rulings complained of were only such as enabled the court to hear all the evidence offered on either side. Defendant could not have taken an interlocutory appeal from the action of the court granting a continuance, for such an order is not one ma-

terially affecting the merits.  *Suddeth v. Boone,* 121 Iowa, 258; *Jaffray v. Thompson,* 65 Iowa, 323.  And on this final appeal from the decree defendant cannot urge as error the granting of the continuance, which simply enabled the opposite party to get his case before the court on its merits.  The decree is therefore *affirmed.*