BRUNSWICK-BALKE-COLLENDER Co., Appellant, v. J. B. DILLON, Appellee.

No. 44399.

FEBRUARY 14, 1939.

Abe A. Sekt. for appellant.

George Gorder, for appellee.

SAGER, J.—Appellant brought this action on a conditional sales contract for the delivery and purchase of a cooler for $270. The contract called for monthly payments of $7.50 each, and for surrender of the cooler in the event that the stipulations of the contract were not carried out by the purchaser. It was provided that in the event of a breach the seller had several options; and in this case the appellant, after repossessing and repairing the cooler, sold it. There remained a balance due appellant of $101.25 after allowing proper credit.

The record is unusual, but, because the decision of the controversy will be of no interest to anyone but the litigants, we refrain from setting it out here very extensively.

On July 8, 1937, appellant filed its petition alleging the matters above set out, and on July 19, 1937, judgment by de-

fault was rendered in its favor. Thereafter, on July 28, 1937, appellee filed his unverified motion to set aside the default and judgment for the reason that no original notice had been served upon him, and for the further reason that he had a good and meritorious defense. On August 5, 1937, appellant filed its motion to dismiss the motion above referred to, on grounds of which one was that it did not comply with section 11589 of the Code. On August 30, 1937, appellee filed what he designated his "affidavit of merit," alleging that he had a good defense as set up in his answer which was filed the same day. On the same day he filed a supplement in which he re-affirmed that no original notice was at any time personally served upon him. Appellee's answer alleged that the collections made through the metering device fully paid according to the contract, and moreover, that appellant accepted the surrender of such cooler in full payment of any amount that might remain unpaid.

A hearing was had before the court on the motion to set aside the default. Appellant introduced an original notice in due form showing personal service on July 6, 1937, on appellee, by a deputy bailiff of the court. The service was made, as the return shows, "by offering to read said notice to said defendant, which he waived, and delivering to him a copy of the same on the 6th day of July, 1937, in Sioux City, Township, Woodbury County, Iowa." The return of the service was supported by the sworn testimony of the deputy who made it. He testified that he knew appellee, personally served the notice on him, and that the return of service as indorsed on the notice was true and correct. As against the return and the sworn testimony of the officer, appellee testified that he was out of the state from July 3, 1937, until the 7th day of the month. ..

The testimony as to appellee's absence from the state by his farm-hand, and appellee's bartender, tended to sustain him.

The court set aside the judgment, and the case was assigned for trial on November 20, 1937. At that time the conditional sales contract was admitted in evidence; and testimony given in behalf of appellant as to the condition of the machine when returned and the amount collected in its sale, after repossession. Appellant's evidence tended to support its claim that there was due it the amount of the original judgment, and the testimony of his bartender tended to sustain appellee's claim.

At the conclusion of the testimony appellant moved the

court to "find a verdict for the plaintiff." This motion was, in effect, that appellant had established its case and appellee had proven no defense. The court made no ruling on this, but on December 10, 1937, entered judgment against appellant, taxing costs to it. Thereafter appellant filed its motion for new trial and for judgment notwithstanding the verdict.

Appellant for reversal alleges that the court erred in setting aside the default, but we find no error here.

We have held that the court has a wide discretion in the setting aside of defaults. This is a well-known rule which needs no support in the citation of authorities. We hold that there has been no abuse of discretion under the record we have before us.

The questions presented were peculiarly for the trial court and we find no reason for interfering with its ruling.

Other questions raised or presented are disposed of by what has gone before.

It follows that there was no error in the rulings of the trial court in setting aside the judgment rendered in appellant's favor on July 19, 1937, in the sum of $101.25 and costs, and finding for and rendering a judgment for appellee.

The cause is, therefore, affirmed.—Affirmed.

MITCHELL, C. J., and OLIVER, MILLER, HAMILTON, RICHARDS, and BLISS, JJ., concur.