Lewis H. Allemang et al., Appellants, v. Win S. White et al., Appellees.

No. 45560.

June 17, 1941.

Rehearing Denied September 26, 1941.

Prichard & Prichard, for appellants.

Forsling, Cover & Kingsbury and Edward L. Moran, for appellees.

MILLER, J.—On August 28, 1939, plaintiffs filed a petition in equity which asserted that they are in possession of a quarter section of land in Woodbury County, title to which farm is held by defendant White by virtue of tax deeds, to secure which deeds White expended less than one third the value of the farm; that on May 21, 1938, plaintiff Vera Allemang entered into a written contract in reference to said farm, copy of which contract is attached to the petition and provides as follows:

"1.   That the said Win S. White shall commence an action in the District Court of Woodbury County, Iowa, for the purpose of quieting title in him under the tax deed issued to Howard S. M. White, in which action all of the Henry Allemang heirs shall be made parties and the said Win S. White shall proceed as soon as possible to quiet title to the above described premises in said action.

"2.   The said Win S. White further agrees that at any time within sixty (60) days after the entry of a judgment quieting title in him in and .to the said described premises in said action to be commenced by him and his notification of Vera N. Allemang at Mapleton, Iowa, and her attorneys, Pritchard & Pritchard at Onawa, Iowa, of the entry of said judgment that he will then quit-claim to Vera N. Allemang or her assigns, all of his right, title, claim and interest in and to the above described real estate upon the payment to said Win S. White by Vera N. Allemang or her assigns, the sum of Thirty-six Hundred ($3600.00) Dollars in cash with interest at 6% from January 7th, 1938, and the amount of any and all taxes and insurance paid on said property by the said Win S. White subsequent to January 7th, 1938, with interest at 6% from date

of payment. And in the event the said Vera N. Allemang, or her assigns, fails to tender said sum as above agreed then this agreement shall terminate and she, or her assigns, shall have no further interest whatsoever in said described property."

The petition further asserted:

"That in addition to said written contract it was also orally agreed between these plaintiffs and the defendant Win S. White and the attorneys for the said plaintiffs, and the attorney for the said Win S. White, that the action to quiet title referred to in the written contract, Exhibit 'A', would be conducted in a proper manner and in such a way that the same would be approved by the examiner of titles for loans for the Farmers Loan & Trust Co., of Sioux City, Iowa."

The petition asserted that defendant had failed to perform said oral contract. The prayer included a request that the written contract be reformed to include the oral contract and be enforced as so reformed.

On September 28, 1939, a default was entered and on the following day decree was entered substantially as prayed by plaintiffs. On November 4, 1939, defendant White filed an answer which denied the oral contract asserted by plaintiffs, asserted that he had performed the written contract but plaintiffs had defaulted and he prayed that the action be dismissed. On the same day, which was the last day of the term, defendant filed a motion to set aside the default judgment and supported same by his affidavit as to a meritorious defense as well as an affidavit of his counsel as to the circumstances upon which he relied to have the default set aside. On February 24, 1940, hearing was had on the motion to set aside the default judgment and evidence was introduced on both sides. The court set aside such judgment.

On March 28 and 29, 1940, trial was had on the merits, the cause was submitted and taken under advisement. On August 1, 1940, plaintiffs filed an amendment to their petition to which defendant filed a motion to strike. On August 13, 1940, plaintiffs filed a motion to reopen the case to which defendant filed

a resistance. On November 7, 1940, the court sustained the motion to strike the amendment to petition, overruled the motion to reopen the case, entered a decree in favor of the defendant on the merits and dismissed the action. Plaintiffs have appealed to this court asserting three assignments of error, to wit: 1. The court erred in setting aside the default judgment. 2. The court erred in finding for defendant on the merits and dismissing the action. 3. The court erred in striking the amendment to petition and overruling the motion to reopen the case.

I. We find no merit in the first assignment of error. The answer and the motion to set aside the default, with supporting affidavits, were filed during the same term at which the default and judgment thereon were entered. Under such circumstances, we have stated repeatedly that the trial court exercises a wide discretion, the law favors trial upon the merits, disclosure of a meritorious defense is a circumstance to be considered, courts are liberal in setting aside defaults and judgments upon reasonable showing therefor, this court will interfere only when there is a clear showing of abuse of such discretion. Brunswick Co. v. Dillon, 226 Iowa 244, 283 N. W. 872; Tate v. Delli, 222 Iowa 635, 269 N. W. 871; Lemley v. Hopson, (Iowa), 232 N. W. 811, 812; Gray v. Bricker, 182 Iowa 816, 166 N. W. 284, and cases cited therein.

The difficulty herein arose by reason of the fact that the attorney for the defendant undertook to enter appearance through the use of an appearance card, apparently authorized by local custom, rather than through one of the methods specified by section 11087 of the Code, 1939. The card went astray and no appearance was shown of record when the default was entered. The circumstances were sufficient to provoke a controversy but we are unwilling to hold that they were sufficient to show such clear abuse of discretion on the part of the court below as would justify interference on our part.

II. In considering the court's decision on the merits, appellants rely upon our pronouncement in the case of Milligan Co. v. Lott, 220 Iowa 1043, 1045, 263 N. W. 262, 263, wherein we state:

"The law is well settled that a court of equity may reform an instrument when it fails to express the agreement of the parties, either because of mistake, inadvertence, or accident. King v. Good, 205 Iowa 1203, 219 N. W. 517; Guarantee Mortgage Co. v. Cox, 201 Iowa 598, 206 N. W. 278; Kytlica v. Albertson & Co., 190 N. W. 159; Costello v. Grain Co., 193 Iowa 203, 186 N. W. 842; Merriam v. Leeper, 192 Iowa 587, 185 N. W. 134; Rankin v. Taylor, 204 Iowa 384, 214 N. W. 725; Fitch v. Flinn, 198 Iowa 823, 200 N. W. 402.''

In that case, at page 1046 of 220 Iowa, page 264 of 263 N. W., we also state as follows:

"The broad ground upon which a court of equity may reform an instrument is that it does not accurately contain the terms of the agreement between the parties. It must clearly appear that the instrument does not represent the actual agreement of the parties at the time it was executed. It has been held that relief will be granted without regard to the cause or reason of failure to express in the written contract the agreement actually made, whether due to fraud, mistake in the use of language, or any other thing which prevented the expression of the true intention or agreement of the parties. Coleman v. Coleman, 153 Iowa 543, 133 N. W. 755; Stafford v. Fetters, 55 Iowa 484, 485, 8 N. W. 322.

"It has frequently been held by this and other appellate courts, that all the agreements made between the parties touching the subject-matter of the contract, when reduced to writing, are presumed to be evidenced by such writing, and in all law proceedings it has been held to be the only evidence of the contract between the parties. It cannot be altered, modified, or changed by parole testimony. Equity, however, assumes jurisdiction to reform the writing so as to make it conform to the true and real agreement between the parties. However, before a reformation can be had, it must clearly appear that the minds of the contracting parties did not meet upon the proposition expressed in the writing, and that the actual contract was other and different from that expressed in the writing. It must appear, however, that such is the truth by clear, satisfactory, and

convincing evidence. Heard v. Nancolas, 187 Iowa 1045, 175 N. W. 13; Parker v. Bank, 98 Iowa 246, 67 N. W. 245.''

In the case at bar there is neither pleading nor proof of fraud of any kind. Relief is sought solely on the ground of mistake. In the quotations above set out it is apparent that, to justify reformation of a written contract on the ground of mistake, the mistake must be mutual between the parties and must be shown by clear, satisfactory and convincing proof. We have so held repeatedly. Heard v. Nancolas, 187 Iowa 1045, 1053, 175 N. W. 13; Wall v. Mutual L. Ins. Co., 228 Iowa 119, 289 N. W. 901, 904; Knott v. Lincoln Nat. L. Ins. Co., 228 Iowa 143, 290 N. W. 91, 94, and cases cited therein.

The evidence herein covers quite a wide range. The essential facts are as follows. The farm in question was owned by Henry Allemang, now deceased. He is survived by nine children. The plaintiff Lewis H. Allemang is one of the sons. He and his wife, Ruby, also a plaintiff, reside on the farm. The plaintiff Vera N. Allemang is their daughter. The eight other children of Henry Allemang are nonresidents of Iowa, residing in Illinois and Nebraska. On December 2, 1929, the farm was sold for taxes. On August 31, 1933, a tax deed therefor was issued to defendant White. On December 12, 1934, the farm was again sold for taxes.

On January 7, 1938, before final decree had been obtained in the action to quiet title, and before a tax deed had issued on the second tax sale, White and Vera Allemang entered into a written contract whereby White was to take a tax deed on the second sale, amend his petition in the quiet title action to so show, take decree on both deeds and within 90 days thereafter was to quitclaim the farm to Vera Allemang upon the payment of $3,600 with interest from date. This contract was abandoned, the petition in the quiet title action was not amended, and on February 23, 1938, a consent decree was entered in the quiet title action.

In the meantime, on January 11, 1938, a tax deed issued on the second tax sale. In February 1938 Vera Allemang made application for a loan on the farm with the Farmers Loan & Trust Company. The abstract of title was examined by R. V.

Sager, a lawyer, who objected to the title because of insufficient showing as to service of notice in the quiet title action, the files having become lost, and also because some of the defendants were served by publication and would have two years to come in and object to the decree. The substance of such objections was communicated to E. L. Moran, attorney for White. The written contract, involved herein, was entered into, as above stated, on May 21, 1938.

On August 8, 1938, a second action to quiet title, based upon the second tax deed, was commenced and decree was entered therein on November 5, 1938. The attorney for Vera Allemang was advised of the entry of the decree on November 9, 1938, and she was personally advised of it by letter of December 30, 1938. She again made application for a loan on the farm with the Farmers Loan & Trust Company. On March 1, 1939, the application was approved in the sum of $4,500, subject to the abstract showing clear title. The farm was appraised for $11,000. The abstract was again submitted to Sager for examination. He refused to pass the title because nonresident defendants in the quiet title action were served by publication.

A conference was had and Vera Allemang was given to March 11, 1939, to see if she could get a loan from another source. She made the attempt without success. On March 11, 1939, White's attorney Moran stated that he would commence a new quiet title action and have all of the Henry Allemang heirs served personally if Vera Allemang would advance the costs and attorney fees by a certain date. The money was not advanced and the action was not started. Vera Allemang testified, ''I have never tendered to Mr. White, or anyone acting for him, the sum of $3600.00 and I never actually offered to pay him any money at any time except as shown by these contracts.'' She did testify that she stood ready at all times to complete the agreements in the contract of May 21, 1938, if White secured a sufficient title so that she could secure a mortgage on the premises and that she had independent means to supplement the proceeds of the loan to carry out the contract.

The gist of this action is apparent. Under the written contract White merely undertook to quiet title in a legal manner and Vera Allemang agreed to pay $3,600 plus certain taxes

and expenses to purchase the farm. The statutes provide for service of notice by publication on nonresident defendants in actions to quiet title. This is customary. Plaintiffs seek to reform the written contract to include an express agreement on the part of White to quiet title ''in such a way that the same would be approved by the examiner of titles for loans for the Farmers Loan & Trust Co., of Sioux City, Iowa.'' The record shows that White and his attorney were advised that she was undertaking to secure a loan from such source. The record also shows that White's attorney had been advised of the objections which Sager made to the title. But the record is devoid of any evidence of an express oral contract, such as plaintiffs allege, that White's quiet title action should meet Sager's objections to the title.

The conduct of the parties is also inconsistent with such an oral contract. When Sager refused to pass the title the second time, Vera Allemang was granted until March 11, 1939, to raise the money from other sources. When such efforts failed it was proposed to commence a third action to quiet title and serve the nonresident heirs of Henry Allemang personally, if Vera would advance costs and attorney fees. The action was not commenced because the advancement was not forthcoming. The theory advanced by the petition appears to have been seized upon only after a writ of possession was served and it became necessary to enjoin its execution. We are not disposed to disturb the trial court's decision on the merits of the case. The evidence does not meet the test of clear, satisfactory and convincing proof necessary to warrant the reformation of the contract here sought.

III. The third assignment of error likewise is without merit. In the amendment to petition, filed August 1, 1940, four months after the submission of the case, plaintiffs assert that, since the trial of the case, Vera Allemang has offered to pay defendant all sums due under the contract of May 21, 1938, with interest at six percent and defendant refused the offer, that she is ready, willing and able to pay same and plaintiffs prayed that defendant be ordered to deposit a quitclaim deed to the premises with the clerk and that the clerk deliver same

534

to Vera Allemang upon payment of the amounts provided in said contract with interest at six percent.

The motion to reopen the case asserts that, during the trial and before the submission to the court, counsel for defendant stated to the court that defendant was willing to accept the money due under the contract and was not interested in securing title to the farm, that said offer was repeated by defendant's son and agent shortly after the submission, that the court agreed to withhold its decision until June 1, 1940, and in reliance upon such offer plaintiffs made the necessary arrangements to secure the money and have offered to pay same to the defendant.

The motion to strike the amendment to the petition asserts that the subject-matter therein set out is foreign to the issues, the amendment is not timely, it attempts to set up a new cause of action accruing after the commencement of this action, independent of this action, was filed without consent of the court, does not undertake to correct a mistake but instead to change the issues herein. The resistance to the motion to reopen the case asserts substantially the same contentions as are contained in the motion to strike the amendment to petition and also asserts that the cause can be reopened only on statutory grounds and cannot be reopened after final submission for the purpose of accepting evidence that is irrelevant and immaterial to the issues or questions to be decided.

Since the amendment to the petition was filed long after the final submission of the case and without leave of court, the gist of our inquiry depends upon the ruling on the motion to reopen the case. If that motion was properly overruled, then the amendment to petition was properly stricken, because, unless the submission were set aside and testimony introduced, the amendment could not be considered.

Appellants rely upon the case of In re Estate of Canterbury, 224 Iowa 1080, 1084, 278 N. W. 210, 212, wherein we state:

"Appellant contends that the court abused its discretion in not reopening the case for the purpose of receiving the testimony of Mrs. Canterbury.

"Appellee contends that the granting or refusing of a

motion to reopen the case is within the sound discretion of the court. This is the general rule, and, if the court has not abused its discretion, the case should not have been reopened. Osgood v. Bauder, 82 Iowa 171, 47 N. W. 1001; Baker v. Jamison et al., 73 Iowa 698, 36 N. W. 647; In re Estate of Rich, 199 Iowa 902, 200 N. W. 713; Cresco Union Sav. Bank v. Terry & Terry, 202 Iowa 778, 211 N. W. 228.

"Likewise it is the rule that if the court, in failing to re-open the case, has abused its discretion, appellant should be entitled to a new trial. Schipfer v. Stone, 206 Iowa 328, 218 N. W. 568, 219 N. W. 933; Henderson v. Edwards, 191 Iowa 871, 183 N. W. 583, 16 A. L. R. 1090; Simpson College v. Executors Mann Estate, 203 Iowa 447, 212 N. W. 684; Wilbur v. Iowa Power & Light Co., 223 Iowa 1349, 275 N. W. 43; Cowan v. Musgrave, Ex'r., 73 Iowa 384, 35 N. W. 496; Sickles v. Dallas Center Bank, 81 Iowa 408, 46 N. W. 1089; Kimball & Champ v. Saguin, 86 Iowa 186, 53 N. W. 116; Tisdale v. Ennis, 144 Iowa 306, 122 N. W. 959; In re Estate of Carroll, 149 Iowa 617, 128 N. W. 929; First National Bank v. Fulton, 156 Iowa 734, 137 N. W. 1019."

In the above case the motion to reopen was filed after both parties had rested but before the case was submitted to the court. A case, more in point here, upon which appellants rely, is that of Sickles v. Dallas Center Bank, 81 Iowa 408, 412, 46 N. W. 1089, 1090, wherein we state:

"We come now to consider what we regard as the only real question in the case. It is this: Was it within the power of the court, after the cause had been fully submitted, to entertain a motion to reopen the case, or in other words, in effect, to set aside the submission and take additional evidence? * * * If the court below had refused to sustain the application, it is altogether probable that this court would have sustained the ruling as being within the legal discretion of the court. * * * The case at bar was an equity cause. The taking of additional evidence was not embarrassed by the case having been submitted to a jury. Counsel for both parties were present at every stage of the proceedings, and no prejudice whatever is shown. We

think that in furtherance of justice there was no error in permitting the evidence to be introduced.''

Many other decisions of this court might be cited to the same effect. It is well settled that the decision of the trial court on a motion to reopen a case, especially after it has been finally submitted, will be disturbed only upon a clear showing that the court abused its discretion. We are unwilling to interfere herein, because we are not persuaded that any such abuse of discretion has been shown.

The matters asserted in the amendment to petition would have injected a new issue into the case. The original petition and the evidence introduced thereunder presented the issue whether the written contract should be reformed and enforced as reformed. There was no claim that plaintiffs could perform the contract unless it was reformed. The asserted desire to perform it without reformation and the alleged ability to perform it as written was first asserted more than four months after the final submission of the case. The granting of such relief was clearly discretionary. The court has exercised its discretion. It did not abuse it. We cannot interfere therewith.

Appellants have referred to an arrangement for the possession of the farm which was made in the court below pending the appeal. The record in reference thereto is not before us. We do not pass upon that phase of the case.

By reason of the foregoing, the decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.